JOHN A. COLSON, Plaintiff, *v.* MARY ANN BAKER et al., Defendants.

(County Court, Kings County, January, 1904.)

Joint tenancy — Survivorship.

> Where tenants in common of land convey it to one of them and to a third person by a deed specifying that the grantees are to have and hold the land as joint tenants and not as tenants in common, a joint tenancy results entitling the survivor to take all the land although the survivor was one of the tenants in common and joined in creating the joint tenancy.

MOTION by a purchaser, at a foreclosure sale, to be relieved of his purchase.

Edward M. Perry, for purchaser and motion.

Frederick Cobb, opposed.

CRANE, J. The question to be determined on this motion is whether a person seized in fee of an estate can, by a direct grant, deed the property to another and himself in joint tenancy, instead of tenancy in common, without the intervention of a third party.

The facts in this case are these: Elizabeth G. Baker and Mary Ann Baker, in 1897, being the owners in fee as tenants in common of the premises in question, made and

executed to one Johanna Baker and the above-mentioned Mary Ann Baker a deed purporting to convey the premises to the said grantees as joint tenants, the deed specifying that the said grantees should have and hold the said premises as *joint tenants* and *not as tenants in common*. . These grantees made a mortgage which was subsequently foreclosed, and Johanna Baker having died, Mary Ann Baker was made a party to the suit as the sole person in interest by right of survivorship. Although Johanna Baker left heirs surviving they were not brought into this foreclosure action on the theory that the deed to Johanna Baker and Mary Ann Baker created a joint tenancy, and upon the death of the former the latter was the sole owner in fee.

The purchaser at the foreclosure sale has rejected the title and made this motion to be relieved of his purchase, upon the ground that the deed aforementioned created no joint tenancy, but a tenancy in common, and that the heirs of Johanna Baker took her interest at her decease, and should have been made parties to the suit.

The attorney for the purchaser claims that Mary Ann Baker, being originally the owner of an undivided moiety in these premises, could not join with her co-owner in creating a joint estate in herself and Johanna Baker unless the property was first deeded to a third party by Mary and Elizabeth, and then by that third party back to Mary and Johanna as joint tenants; in other words, that in this day of directness resort must be had to the indirect and useless method of conveyance through a third party for an owner in fee to carve out a joint tenancy for himself and another in his estate.

Neither attorney has presented, on this motion, any authorities, other than the text-book statements copied from Blackstone, that to create a joint tenancy there must coexist the "four unities." 1. Unity of interest. 2. Unity of title. 3. Unity of time; and 4. Unity of possession.

Counsel, in behalf of the motion, contends that as Mary Ann Baker was already seized in fee when making deed to herself and Johanna these unities do not exist in this case. But what is meant by the "four unities?" *First,* that the

interest of each must be equal, the same; one cannot have a life estate and the other an estate for years; *second,* the *estate* of *joint tenancy* must be created by the same act or instrument; *third,* that the *estate* of *joint tenancy* must arise in each at the same time; *fourth,* that each must have possession of the whole. In other words, a joint tenancy cannot be created by act of law or through descent.

Now, let us suppose that a man has an estate in fee simple and desires to convey away the fee, and by the same instrument create in himself an estate for years. That this can be done, see Casey v. Buttolph, 12 Barb. 637; Culbreth v. Smith, 69 Md. 450.

In this instance the estate for years and that in fee, subject to the estate for years, would be created by the same act or instrument, although the grantor originally was seized in fee. By his one act he has carved out of his fee a term of years, and a fee limited thereon, and both exist or came into being at the same time. Likewise, out of his fee, he may by direct conveyance create a tenancy in common for himself and another. His fee is reduced or lessened just so much, but it becomes a tenancy in common by the same act and at the same time. When, therefore, he attempts to create for himself and his grantee an estate in joint tenancy out of his fee by a direct deed to the grantee, why does not the joint tenancy arise at the same time and by the same act? I think it does. Of course, each joint tenant has the same interest by such a deed, and each is in possession of the whole like tenants in common.

In all references to the "four unities" requisite to create a joint tenancy, I find nothing that prevents their existence or creation by the act of the grantor for himself and another as well as by his act for two other persons.

In Thomas, Coke on Littleton (vol. 1, p. 732), it is stated: "If a man make a feoffment in fee to the *use of himself* and of such wife as he should afterwards marry for the term of their lives and after he taketh a wife, *they are joint tenants* and yet they come to their estates at several times." Citing Brent's Case, 3 Dyer, 340. Here the joint tenancy in the use is created by the act of the feoffor

County Court, Kings County, January, 1904. [Vol. 42.

for himself and another. If this were an exception to the general rule, or peculiar to husband and wife, or the law of uses some mention would be made of it by Coke or Blackstone, as it is cited in the chapter on joint tenancy.

While it is true that joint tenancy is no longer favored as at common law, yet it still exists when by grant it is expressly declared that the estate is to be a joint tenancy. Real Property Law, art. 2, § 56.

Murphy v. Whitney, 140 N. Y. 541, recognizes the right of co-owners to agree among themselves to hold the property as joint tenants, or so that the survivor would take the entire fee. If, therefore, a tenant in common may thus agree with his cotenant, why may not the owner of the fee likewise agree with his grantee to whom he has conveyed an undivided half?

It being conceded that the intent to create a joint tenancy in Mary Ann Baker and Johanna Baker is clear and distinct, and that it could have been accomplished by a conveyance through a dummy, a third party, I see no reason for insisting upon such circuitousness, but I think it was so created by the deed of Mary and Elizabeth to Mary and Johanna, and that Johanna having died Mary took the entire fee by survivorship. If this be so it was then unnecessary to join Johanna's heirs to the foreclosure suit, and the motion of the purchaser to be relieved should be denied, with costs.

*Motion denied, with costs.*