Jerome Wood as Administrator of the Estate of Sarah Logue, Deceased, Appellee, v. Alice Logue and Daniel Logue, Appellants.

**Conveyances:** CONSTRUCTION: JOINT TENANCY. A deed will be construed according to the intent of the parti-s, as gathered from the whole instrument; and while the granting clause when considered alone may aptly convey a fee, still if from the instrument in its entirety it clearly appears that the parties intended thereby to create a joint tenancy with right of survivorship it will be so construed, there being no fatal repugnance in the terms of the instrument.

**Same.** A joint tenancy with the right of survivorship may be created by a conveyance to two or more persons, where such intent clearly appears; the statute merely providing that such conveyances shall create a tenancy in common "unless a contrary intent is expressed."

**Same.** Where the clear intent of a conveyance was to create a joint tenancy between the grantor and the grantees, and provided that the one dying last should be the absolute owner, the use of the word "inherit" in connection with the survivorship, while not strictly accurate when applied to acquiring title by survivorship, will be treated as a mere inaccurate use of the word.

**Same.** The provision of a conveyance that all of the parties may occupy the property as a home so long as they remain unmarried, but upon the marriage of a party such right shall cease, is not inconsistent with a joint tenancy, but merely provides a contingency upon which the tenancy shall cease.

**Same:** SURVIVORSHIP: RIGHTS OF PARTIES. Under a conveyance creating a joint tenancy and providing that in case of the death of one of the grantees the surviving parties shall succeed to the interest of the deceased, the survivors take directly from the grantor and not through decedent, and the creditors of the decedent have no right in the property as against the survivors.

*Appeal from Mahaska District Court.*—Hon. K. E. Willcockson, Judge.

WEDNESDAY, NOVEMBER 25, 1914.

THE opinion states the case.—*Reversed.*

*Irving C. Johnson,* for appellant.

*Reynolds & David,* for appellee.

WEAVER, J.—On December 3, 1908, Daniel Logue, being the owner of a certain forty acres of land in Mahaska county, executed and delivered to his two sisters, Sarah Logue and Alice Logue, a deed, the material part of which reads as follows:

Know all men by these presents: That I, Daniel H. Logue (single), of the county of Mahaska and state of Iowa, in consideration of the sum of one dollar in hand paid, do hereby sell and convey unto Sarah Logue the undivided one-third interest in the property hereinafter described. I do hereby sell and convey unto Alice Logue the undivided one-third interest in the following described premises, situated and lying in the state of Iowa, Mahaska county, to wit: The northeast quarter of the northwest quarter of the southeast quarter of section 22, township 75, range 16 west of the fifth P. M. It is agreed between the grantor and the grantees named in the deed that they all have the right to occupy the property so long as they remain single. If the grantor or either one of the grantees get married, the ones that are married cannot occupy the property, without the consent of those that are not married, so long as the grantor and grantees remain single, they can occupy the property as a house free of rent. In case of the death of the grantor, the grantees are to inherit the undivided one-third interest of the grantor, and in case of one of the grantees dying first, the grantor and the surviving grantee are to inherit that portion of the property that is owned by the grantor and grantee that are deceased. It is understood between the grantor and grantees herein that the one dying last is to be the absolute owner of the property herein described, and he or she may dispose of the entire property by will or in any other way that he or she may desire.

In June, 1911, Sarah Logue died intestate, survived by both Daniel and Alice. The plaintiff is the duly appointed administrator of the estate of the deceased, and, acting upon the theory that his intestate died seised of an undivided one-third of the land, he petitioned the court for an order authorizing him to sell the same for the payment of debts and charges allowed against the estate. The petition sets out the deed by which it is alleged that such title was acquired, and avers that the conditions and stipulations following the granting clause are void and of no effect upon the character or quality of the title conveyed. Daniel Logue and Alice Logue, being made defendants, appeared, and demurred to the petition on the ground variously stated that the deed shows upon its face that the interest, right, and title acquired thereunder by Sarah Logue were that of a joint tenant, and that upon her death the whole estate immediately vested in the defendants by right of survivorship. The court, holding with the plaintiff upon the question thus raised, overruled the demurrer, and, defendants electing to stand thereon, the order prayed for was granted, and the defendants appeal.

In support of the ruling below appellee invokes the rule that, where a deed clearly and by apt terms grants or conveys a title in fee simple, any limitations thereof in the habendum clause repugnant to, or inconsistent with, the estate so created is void and of no effect. *Case v. Dwire*, 60 Iowa, 442; *Teany v. Mains*, 113 Iowa, 53. Of the soundness of the rule thus stated there can be no doubt, but the more serious question is whether the deed before us presents a case for its application. If we were to look alone to the words "I hereby sell and convey unto ·Sarah Logue the undivided one-third interest in the property hereinafter described" as determinative of the nature and quality of the estate intended to be conveyed, the conclusion argued for by the appellee and reached by the trial court is inevitable. But such narrowness of construction is hardly consonant with that other well-settled prin-

1. CONVEYANCES: construction: joint tenancy.

ciple that, in construing a written instrument, the intention of the parties is to be looked for, and, when ascertained, is to be given effect, unless forbidden by some established rule of law.  This rule of construction is no less applicable to deeds than to other instruments by which contract and property rights are created, limited, and defined.  There is no rule which requires a court in construing a deed to read simply the technical words of grant, and shut its eyes to the meaning and effect of the habendum.  Speaking upon this subject, we have said:

The repugnancy, to defeat the *habendum*, must be such that the intention of the parties cannot be ascertained from the whole instrument, or, if ascertained, cannot be carried into effect.  If, from the entire instrument and attending circumstances, it appears that the grantor intended to enlarge, restrict, or even repugn the conveyancing clause, the *habendum* will control.

See *Beedy v. Finney,* 118 Iowa, 278, and cases there cited.

Referring to the same subject, the compiler of the article on "Deeds" in 13 Cyc. 618, after citing numerous authorities justifying his conclusion, says:

The strictness of the ancient rule as to repugnancy in deeds is much relaxed, so that in this, as in other, cases of construction, if clauses or parts are repugnant, the intention is to be gathered from the whole instrument, instead of from particular clauses.

This rule is too manifestly just to leave room for discussion, and we can conceive of no good reason for departing from it.  If, then, upon examination of this deed in its entirety, both granting clause and subsequent clauses, it clearly appears that the parties intended to create a joint tenancy with right of survivorship, then there is no fatal repugnance in the terms of the instrument, and if such estate is not

forbidden by, or inconsistent with, the law of the state, it is the duty of the court to so declare and give it effect.

That an estate of joint tenancy may exist in this jurisdiction does not appear to be denied by counsel, and, indeed, could not well be.  Estates of joint tenancy were well known at common law, and, though they have fallen

2. SAME.

into quite general disuse, are not entirely obsolete.  Our Code, section 2923, which provides that conveyances to two or more persons in their own right create a tenancy in common, unless a contrary intent is expressed, is a reversal of the effect of such conveyances at common law; the rule there being that under a deed to two or more, no other intent being indicated, the grantees take as joint tenants, and not as tenants in common.  The qualifying words in the statute cited, "unless a contrary intent is expressed," would seem therefore to leave place in the law of the state for a joint tenancy, with its characteristic incident of survivorship, if the intent of the parties to the instrument to create it is clearly indicated by the language employed.

The deed now before us is not drawn with the technical nicety and exactness which might have been used by a learned professional conveyancer, but it has the virtue not always present in even more formal instruments of

3. SAME.

so expressing the purpose of the parties thereto as to leave its intended effect too clear for doubt.  It is very manifest that the paramount or general intent of the transaction which is thus evidenced is to make the grantees joint owners of the land with the grantor, and to provide for the right of survivorship between them, or, to use the language of the deed, "the one dying last is to be the absolute owner of the property, and he or she may dispose of the entire property by will or in any way he or she may desire."  It is true the word "inherit" employed in the deed is not technically correct as applied to the acquirement of title by survivorship, but, when read in connection with the entire instrument, it is clear that it was so employed by these parties.  To hold

otherwise is to give no force or effect whatever to the last and, in some respects, most significant provision of the deed.

If it be said the limitation upon the right of occupancy by either tenant who should thereafter marry is inconsistent with a joint tenancy at common law, the objection is sufficiently answered by the suggestion that this provision does no more than provide for a contingency upon the happening of which the joint tenancy should cease. What their respective rights in the premises might have been had one of them married, whether upon such happening they would all become tenants in common, or the interest of the marrying tenant in the property become entirely extinct, we need not here consider or decide. Even at common law it is within the power of either tenant to sever the joint character of the title by conveying or otherwise disposing of his right or share to a third person. 2 Blackstone's Com. 192; *Robison v. Codman,* 1 Sumn. 121, Fed. Cas. No. 11,970; *Simpson v. Ammons,* 1 Bin. (Pa.) 175 (2 Am. Dec. 425). It can also be severed by agreement. *Williams v. Heusen,* 5 L. T. Rep. (N. S.) 203.

4. SAME.

The provision referred to in the deed before us may well be treated as an agreement between the parties by which, under certain circumstances, the unity of the tenancy should be considered severed. In this case no such severance occurred. Sarah Logue was the first of the tenants to die, and if the terms of the deed by which she acquired right in the property are valid, as we are disposed to hold, the brother and sister surviving may assert their title to the property as against her creditors. The survivors do not acquire title through the deceased, but by virtue of the deed. Before her death there was an equality and unity of right and title in the three tenants. Her death extinguished her right of survivorship, but left the unity of right and title unchanged in the other two tenants, and when one of them shall die, all rights of sur-

5. SAME: survivorship: rights of parties.

vivorship provided for by the deed having become effective
and having accomplished the intent of their creation, the joint
tenancy will cease to exist, and the last survivor will be the
sole and unqualified owner.   As we have already suggested,
neither of the successive survivors takes or receives anything
from or through the deceased tenant for the title is derived
directly from the grantor through the deed which created the
tenancy.   But, laying aside the question as to what name or
designation we shall apply to the transaction between the
grantor and grantees, what good reason can be assigned in
law or equity for the courts refusing to give it effect accord-
ing to its clear intent?   This grantor, as the owner of the land,
had a right to devote it by appropriate action on his part to
the purpose of making a home for himself and his two sisters.
He might very reasonably believe that such end could be more
nearly attained, and the comfort and support of the suc-
cessive survivors be better assured, by creating a unity of
title with right of survivorship than by a tenancy in common
with the ordinary incidents to such an estate.   And this is
what he appears to have done in the deed in controversy.
Such a disposition of property is not obnoxious to any statute
of this state or to any recognized principle of common law,
nor can we conceive of a good reason for holding it to be
against any accepted rule of public policy.   The creation of
such an estate being lawful, and the doctrine of *Beedy v. Fin-
ney,* above quoted, being adhered to, there is no fatal repug-
nancy in this deed.   All parts of it must be given effect ac-
cording to its plain intent.   It follows that Sarah Logue, being
first of the grantees to die, did not die seised of any heritable
interest in the land or of any right or interest therein which
could be properly subjected to sale by the administrator of
her estate.   None of the cases decided by this court and cited
by appellee are inconsistent with this conclusion.

    The court erred in overruling the defendant's demurrer
to the petition and in ordering a sale of the land, and said

order and judgment are therefore reversed, and cause remanded, with directions to the trial court to dismiss the petition.—*Reversed.*

LADD, C. J., and EVANS and PRESTON, JJ., concur.