IOWA FARM CREDIT CORPORATION, Appellant, v. T. J. HALLIGAN et al., Appellees.

No. 41415.

MARCH 15, 1932.

REHEARING DENIED JUNE 24, 1932.

D. D. Needham and Thomas & Loth, for appellant.

(No appearances for appellees and intervener.)

STEVENS, J.—The note and mortgage involved in this action were executed September 25, 1926, by the appellees T. J. and Elizabeth M. Halligan to appellant. There is no issue between appellant and these appellees. The controversy is limited to the issues joined on the petition by Anthony Halligan. Anthony is the father of T. J. Halligan, whose co-defendant Elizabeth M.

is his wife. The mortgaged premises were originally owned by the father, but in 1910 he conveyed the same to the son, with other lands, in all comprising 177 acres. The tract involved in this case comprises but 72 acres. The conveyance was by general warranty deed for an expressed consideration of $4000. Immediately following the granting clause in the deed is the following paragraph:

"This deed is made and executed upon the express provision that no part of the land herein conveyed shall be by the grantee or his heirs deeded or sold or conveyed during the life of the grantor Anthony Halligan without his consent."

It is conceded that the mortgage to appellant was executed without the consent of Anthony Halligan. It is alleged in the answer of Anthony Halligan that on the day the deed was executed, he entered into an agreement which the evidence shows was oral with the grantee for the payment to him of $2.00 per acre annually so long as the grantor should live.

The answer further alleges by way of legal conclusions that the conveyance was conditional and subject to the alleged oral agreement. Evidence of the alleged oral agreement was admitted by the court upon the trial without objection of the grantee, who, instead, testified as did his father thereto. Objection, however, was interposed to this testimony by appellant. Anthony Halligan also prayed for a reformation of the deed so as to make it express the alleged oral contract. The court sustained the clause in the deed quoted above and held that the mortgage in controversy was executed in violation thereof, but established it as a lien on the land, but inferior to a lien in favor of Anthony for his alleged claim of $2.00 per acre. The court was unable from the testimony to determine the amount due the grantor and, therefore, reserved jurisdiction for the purpose of taking further testimony on this point. The prayer for reformation was denied. None of the defendants appealed nor have they appeared or filed brief and argument in this court. We will dispose of the several propositions of appellant in the order in which they are presented.

I. The first, and perhaps major, proposition relied upon for reversal is that the provision of the deed already referred to is wholly void for the reason that it imposes a restraint upon

alienation. It is true that the instrument does not in specific language reserve a definite lien upon the land, nor does it contain provision of forfeiture or reversion. The language of the instrument must be interpreted and construed as a whole and effect given thereto according to the intent, if ascertainable, of the parties. If the habendum is found to be repugnant to the granting clause, it must be rejected. The grantor clearly reserved the right to object to the sale conveyance or deeding of the property by the grantee during the lifetime of the former. The record of the deed gave constructive notice to the world of a right on the part of the grantor which, if valid, in some way qualified the grantee's right of alienation. It did not give notice of any particular right, claim or interest of the grantor except the requirement that property be not "sold, deeded or conveyed" without his consent. Full information was readily obtainable by inquiry of the grantor. The reservation was not of a life estate but of a right on the part of the grantor to claim $2.00 per acre annually from his grantee and, if valid, to subject the land conveyed to the burden of the obligation thus assumed by the grantee. Interpreted in the light of the oral testimony, the intention of the parties becomes obvious. They clearly understood their relative rights and duties in the premises. There can be no question about that. There can be no doubt but that the clause in the deed could have been so phrased as to make the conveyance subject to a lien in favor of the grantor for $2.00 per acre, payable annually so long as he should live. If the same intention of the parties may be gathered from the language of the instrument and the surrounding circumstances, it will be made just as effective as though the terms had been clearly expressed in the instrument. We said in Beedy v. Finney, 118 Iowa 276:

"The repugnancy, to defeat the habendum, must be such that the intention of the parties either cannot be ascertained from the whole instrument, or, if ascertained, cannot be carried into effect. If, from the entire instrument and attending circumstances, it appears that the grantor intended to enlarge, restrict, or even repugn the conveyancing clause, the habendum will control. It is then to be regarded as an addendum or proviso to the granting clause, which will control it even to the

extent of destroying its effect. In short, the modern rule requires the consideration of the deed as a whole, and not in separate and distinct parts, as was formerly done, and the finding of repugnancy avoided whenever all the provisions of the instrument may, without ignoring the accepted canons of construction, be given force and carried into effect.''

This has become the established rule in this jurisdiction. Husted v. Rollins, 156 Iowa 546; Yeager v. Farnsworth, 163 Iowa 537; Wood, Admr. v. Logue, 167 Iowa 436; Glenn v. Gross, 185 Iowa 546; Central Life Assur. Soc. v. Spangler, 204 Iowa 995; Farmers Bond & Mtge. Co. v. Walker, 207 Iowa 696.

The question, however, is not so much as to what is the established rule of construction as it is of the effect to be given the clause in the particular instrument involved. If the intent expressed in the instrument is contrary to law, then, of course, it cannot be given effect. In case of repugnancy between the granting clause and the habendum, the latter must yield. McCleary v. Ellis, 54 Iowa 311; Prindle v. Orphans Home, 153 Iowa 234; Woodford v. Glass, 168 Iowa 299; Davidson v. Auwerda, 192 Iowa 1338.

It seems to us that the purpose of the grantor to reserve some right touching the alienation of the land is almost as clearly expressed as it could be. The omission to include the exact agreement is not necessarily fatal. The intention being readily ascertainable from the instrument and the surrounding circumstances, and such intent being valid and enforcible, it seems to us that full effect must be given thereto. On this point, the court is of the opinion that the provision in the deed is not necessarily repugnant to the estate conveyed and is not, therefore, void.

█ II. But it is also argued by counsel that the clause does not, upon any possible interpretation, restrict the right of the grantee to encumber the premises. The provision is that the land shall not be ''sold, deeded or conveyed'' by the grantee. It is true that Section 10053 of the Code provides that:

''In absence of stipulations to the contrary, the mortgagor of real estate retains the legal title and right of possession thereto.''

Clearly, therefore, the legal title to the premises did not pass to the mortgagee.

Even if given its technical meaning, the mortgage was, under the provisions of Section 10084 of the Code of 1931, a form of conveyance. This section of the Code specifically so declares. Mortgages upon real property are in form conveyances, subject to a defeasance clause, and have been held to create only a lien upon the property. The legislature has provided for the enforcement of the lien by an action in equity. The right conveyed is equitable, and may be made the basis for obtaining the legal title. The statute provides for a defeasance clause. Its purpose is to render the conveyance void upon the certain condition expressed. The deed in question was executed by a father to his son. It was intended largely as a gift, subject to certain assumed wishes or necessities of the father which he attempted to reserve in the deed. Under the terms of the instrument and the surrounding circumstances, the word "conveyance" will not be given an exclusively technical construction.

III. Was parol evidence of the oral agreement admissible as against appellant? It was, of course, permissible for the parties to deed to testify thereto. The appellant was charged with constructive notice of all matters involved in the oral agreement that inquiry of the parties would have developed. The transfer was from the father to his son, and the oral agreement, which reserved to the grantor the right to have the title conveyed to the grantee remain in him until he gave consent to its transfer, was a part of the consideration for the transfer. In such circumstances, parol testimony was admissible as against both the mortgagor and the mortgagee of whatever fact inquiry, if any had been made, would have disclosed. A deed is unilateral in character, and there is no very strong presumption, if any, that it in fact contains, or was intended to contain, all of the verbal agreement preceding its execution. Hannon v. Kelly, 146 N. W. (Wis.) 512. The evidence could not, therefore, be excluded under the foregoing facts upon the ground that the mortgagor, who was one of the parties to the oral agreement, was in privity with the mortgagee. We hold that evidence of the oral agreement was admissible in this case.

IV. It is true that the deed must be most strongly con-

strued as against Anthony Halligan, but, when thus interpreted, the intention of the parties remains definite and clear.

The court, as already stated, found that the mortgage of appellant was executed in violation of the terms of the deed and that it is, therefore, subject and subordinate thereto. The oral agreement contemplated that no conveyance of any kind of the premises would be made during the lifetime of the grantor without his consent. This is his own interpretation of the agreement. The court decreed that, notwithstanding the mortgage was in violation of the terms and reservations of the deed, it should be established as a lien upon the mortgaged premises, subject, however, to the claim and right of Anthony Halligan to be paid $2.00 per acre for the land so long as he should live. The court established a lien on the land in favor of Anthony to that extent. It may, for all of the purposes of this case, be conceded that it never was strictly a lien thereon. The same result might easily have been reached by a decree in a somewhat different form. It is nevertheless in all respects fair to appellant, and its provisions go no further than to protect the established rights of Anthony under the reservation in the deed. It is not, therefore, prejudicial, and will not be disturbed.

Other questions, but not of controlling importance, are discussed by counsel. We need not, therefore, give independent consideration thereto. For the reasons indicated the decree of the court is affirmed.—Affirmed.

EVANS, ALBERT, KINDIG, and MORLING, JJ., concur.

WAGNER, C. J., and FAVILLE, GRIMM, and DE GRAFF, JJ., dissent.