### EDMONDS v. COMMISSIONER OF IN-TERNAL REVENUE.

No. 8129.

Circuit Court of Appeals, Ninth Circuit.

April 12, 1937.

F. Eldred Boland, of San Francisco, Cal., Claude I. Parker and Ralph W. Smith, both of Los Angeles, Cal., and Llewellyn A. Luce, of Washington, D. C., for petitioner.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, Alexander Tucker and Frederick W. Dewart, Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge:

Review of a decision of the Board of Tax Appeals, redetermining deficiencies in the income tax of Adina Mitchell, deceased, and assessing a penalty for her failure to file a return for the year 1925, arises upon the petition of the administrator of her estate. The deficiencies so redetermined were in the taxes of John W. Mitchell, now deceased, for the years 1924 and 1925, and in the taxes of Adina Mitchell, now deceased, for the years 1925, 1926, 1927, and 1928.

John W. Mitchell, hereinafter referred to as the husband, and Adina Mitchell, hereinafter referred to as the wife, were married in 1888. At that time the wife had as her separate property some money which was used to purchase land, title to which was taken in the name of the wife. During the period from 1898 to March 1, 1913, the husband purchased and took title to two other pieces of real estate, the source of the funds used in payment therefor being unknown. These three pieces of real property were conveyed to a bank as security for loans made the husband.

In 1921 the husband obtained a loan from King C. Gillette to pay a part of his indebtedness to the bank, and caused the bank to convey the first-mentioned property to a trust company to secure Gillette. The trust company executed a Declaration of Trust No. 750 covering this property.

In 1922 the husband obtained a loan from a third person to pay the balance of his indebtedness to the bank, and caused the bank to convey the other two properties to the trust company as security for the loan. The trust company executed its Declaration of Trust No. 822, covering these properties, and also executed its Declaration of Trust No. 807 which covered a portion of the property described in Trust No. 822.

In 1923 the husband authorized the trust company to sell a portion of the property. The trust company sold the portion in two parcels. As part of the purchase price of each parcel, there was given a promissory note payable to the husband, secured by a deed of trust. The husband deposited both notes with the trust company as security for indebtedness owing by him to it.

On April 1, 1924 the trust company executed its Declaration of Trust No. 822-B, wherein it is stated, after mentioning and describing Trusts Nos. 750, 807, and 822:

"Whereas it was the intention of John W. Mitchell and Adina Mitchell, his wife, that all of said properties should be held by them as joint tenants, with right of survivorship.

"Now Therefore This Is To Witness that [the trust company], at the request of [the husband and wife], declares that it holds the said Trusts and all assets thereof in Trust for [the husband and wife], as joint tenants, with right of survivorship * * * and further, the parties hereto hereby assign to [the trust company] all notes in favor of John W. Mitchell given as part of the purchase price on the sale of properties covered by said Trusts. * * *"

This declaration was signed by both the husband and wife.

The husband died July 2, 1925. The wife filed no income tax returns for herself for the years 1925, 1926, 1927 and 1928. In 1930, without the knowledge or consent of the wife, delinquent returns were prepared for her, for the remainder of the year 1925, after the husband's death, and for the years 1926, 1927, and 1928. These returns were signed by a deputy collector. Returns on behalf of the husband's estate for the years mentioned were filed, however. Respondent took the view that the property was held in joint tenancy, and upon the death of the husband, the wife became the owner of the property, and the income therefrom after the death of the husband was the wife's income. The Board sustained that view, and also the determination of respondent that a penalty should be assessed against the wife for the year 1925.

With respect to penalties, the revenue act provides:

"In case of any failure to make and file a return or list within the time prescribed by law * * * the Commissioner shall add to the tax 25 per centum of its amount, except that when a return is filed after such time and it is shown that the failure to file it was due to a reasonable cause and not to willful neglect, no such addition shall be made to the tax." 26 U.S.C.A. § 1512 (d).

■ Petitioner contends that Trust No. 822-B was insufficient to create a joint tenancy. In California, to create a joint tenancy there must be (1) unity of interest; (2) unity of title; (3) unity of time; (4) unity of possession. Siberell v. Siberell, 214 Cal. 767, 7 P.(2d) 1003; see, also, Gwinn v. Commissioner (C.C. A.9) 54 F.(2d) 728, 729, 84 A.L.R. 176. Petitioner argues that a person cannot convey title to himself, because he is unable to make delivery to himself; that if a person conveys property to himself and another as joint tenants, what he has done is to convey an undivided half interest; that since the grantor and grantee acquire their respective interests at different times, and that of the grantor, when acquired, was not the same as that which the grantee acquired, there is neither unity of title, nor unity of time, and therefore no joint tenancy. This technical view is followed in Breitenbach v. Schoen, 183 Wis. 589, 198 N.W. 622, and in Deslauriers v. Senesac, 331 Ill. 437, 163 N.E. 327, 62 A.L.R. 511.

■ However, the weight of authority is opposed to that view. Ames v. Chandler, 265 Mass. 428, 164 N.E. 616; In re Klatzl's Estate, 216 N.Y. 83, 110 N.E. 181, 182; Colson v. Baker, 42 Misc. 407, 87 N.Y.S. 238; Saxon v. Saxon, 46 Misc. 202, 93 N.Y.S. 191; In re Horler's Estate, 180 App.Div. 608, 168 N.Y.S. 221; Lawton v. Lawton, 48 R.I. 134, 136 A. 241; Brent's Case, 3 Dyer 340a, 73 Eng.Rep. 766. We believe the technical view should give way to the intention of the parties, and hold that a joint tenancy may be created by conveyance from one to himself and another, as joint tenants. Under California statutes (Civil Code, §§ 158, 159, 161), the fact that the parties to such a conveyance are husband and wife makes no difference. Earl v. Commissioner (C.C. A.9) 30 F.(2d) 898; Siberell v. Siberell, supra.

■ Since a joint tenancy may be created in the equitable title to property,[1] the execution of Trust No. 822-B, operated as an assignment of the equitable title of all assets held in trust, to the husband and wife as joint tenants. Therefore, upon the death of the husband title to the equitable interest in the trust property became vested in the wife, in its entirety. Since she owned it, the income therefrom was hers, and she was subject to the tax on such income.

■ With respect to the notes, however, Trust No. 822-B covers "the said Trusts and all assets thereof." The notes would be held in joint tenancy, only if they were a part of the trust property, for the specific reference to the notes in Trust No. 822-B, is sufficient in form to operate as a pledge of the notes only, and not to make them a part of the trust property. The facts were stipulated and the Board included the stipulation by reference as findings of fact. The stipulation is silent as to whether or not the notes were a part of the trust property. The

---

[1] Ashton v. Smallman, 2 Vern. 556, 23 Eng.Rep. 960; Bustard v. Saunders, 7 Beav. 92, 49 Eng.Rep. 998; Kenworthy v. Ward, 11 Hare 196, 68 Eng.Rep. 766; The Earl of Sussex v. Temple, 1 Ld.Raym. 310, 91 Eng.Rep. 1102.

Board in its opinion stated that "Certain of the property held under the above trust consisted of notes. * * *" There is also the statement that "The property in question was held under an indenture of trust providing specifically that the interests of these two parties were as 'joint tenants with right of survivorship.'" Under these circumstances, the Board's finding that the notes were a part of the trust property is not controverted by anything in the record, and therefore petitioner has shown no error. If the assignments are broad enough to challenge such finding, on the ground that there is no evidence to sustain it, we must hold that the finding is sustained by the presumption of correctness attending the respondent's finding. 26 U.S.C.A. § 1512 (c); Buck v. Commissioner (C.C.A.9) 83 F.(2d) 786, and cases cited.

It should be here noted that we have treated the instrument, referred to as Trust No. 822-B, as sufficient in form to operate as an assignment of the property described therein, inasmuch as the parties have so treated it.

■ On the death of the husband there were on hand some notes received from the sale of real property covered by the trusts which had been deposited with the trustee as collateral security for the indebtedness owing the trustee by the husband. Payments on these notes occurred prior to the husband's death and thereafter. Immediately following the husband's death another portion of real property held under Trust No. 822 was sold for cash. The notes and cash were included at the death of the husband in the corpus of his estate. Respondent taxed one-half of the profit gained on the sales made prior to the husband's death, and all the profit gained on the sales made after the husband's death, as income of the wife. The stipulation specifies what the "net taxable income" from these transactions was, but does not say to whom all or any part of it is taxable. Petitioner now argues that the profit could not be both corpus of the husband's estate and income to the wife, relying on Bull v. U. S., 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421.

Under that case the profit could not be taxed as corpus of the husband's estate and income to him also. However, that case is not in point with respect to the wife. The entire profit was property taxable as corpus of the husband's estate under Gwinn v. Commissioner, 287 U.S. 224, 53 S.Ct. 157, 77 L.Ed. 270. The profit received after the husband's death was taxable income of the wife, inasmuch as she, as surviving joint tenant owned the whole of it. Bull v. U. S., supra, refers to cases where the profit is included as both corpus and income of one estate, and not to cases where the profit is included as corpus in one estate and as income to a different person.

■ Petitioner asserts that in an earlier proceeding, not here under review, involving the estate taxes payable by the husband's estate, the parties agreed, and the Board decided, that the above-mentioned sums of money constituted a part of the "corpus" of the husband's estate, and, as such, were subject to the estate tax. Petitioner now contends that that decision is res judicata, and that respondent is estopped from asserting that the sums in question were taxable income of the wife. As this contention was not raised before the Board, we will not consider it. Kottemann v. Commissioner (C.C.A.9), 81 F. (2d) 621.

■ Petitioner contends that, since he, as administrator of the husband's estate, paid an estate tax on the above-mentioned sums of money, he (petitioner), as administrator of the wife's estate, is entitled to an "offset" of the amount so paid in the event these sums are held to be taxable income of the wife. Bull v. U. S., 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421, is relied upon. That case is not in point. The taxes were there paid by the petitioner in the same representative capacity, and a recoupment was allowed. Here, petitioner paid a tax in one representative capacity, and paid another tax in another representative capacity. Assuming but not holding that the Board would have power to allow a set-off, and that the tax paid by petitioner for the husband's estate was illegal, the right of recovery back thereof would be a right of petitioner as a representative of the husband's estate, and not as a representative of the wife's estate. No set-off could therefore be allowed.

■ Finally, petitioner contends that, even though the wife was liable for tax deficiencies, as determined by the Board, still there was no basis for the assessment

of a penalty against her or her estate. The penalty assessed by the above-quoted statute is mandatory except in a single instance. That instance is where the taxpayer files a return, but files it after the time prescribed by law, and the failure was due to "reasonable cause and not to willful neglect." Petitioner or his intestate do not come within the exception, because neither filed a return. The penalty is therefore mandatory. Scranton-Lackawanna Trust Co. v. Commissioner (C.C.A.3) 80 F.(2d) 519; see, also, Beam v. Hamilton (C.C.A.6) 289 F. 9.

The assignments of error not herein considered were not urged in this court, and are therefore deemed abandoned.

Affirmed.

WILBUR, Circuit Judge.

I concur in the conclusion that the declaration of the trustee concurred in by the husband and wife that the property should be thereafter held in trust for them as joint tenants, with right of survivorship, subject to the other provisions of the trust deed, created a joint tenancy in the proceeds of the trust agreement, as found by the Board of Tax Appeals. I base this conclusion upon the statutes of California with relation to the right of the husband and wife to modify their property relationship by written contract between themselves (California Civil Code, §§ 158, 159, 161) and upon the statute expressly providing that they may hold property in joint tenancy (Calif.Civil Code, § 161; Siberell v. Siberell, 214 Cal. 767, 770 par. (2), pars. (4) and (5), p. 773, pars. (7) and (8), 7 P.(2d) 1003, 1004, 1005. In view of these provisions it is clear that the husband and wife may create the relation as to property belonging to either or to the community. We have frequently been called upon to consider the effect of contracts between husband and wife purporting to create a joint tenancy. Such questions have arisen, as in the present case, in connection with federal income and estate taxes. See Pedder v. Com'r (C.C.A.) 60 F.(2d) 866, 869; Earl v. Com'r (C.C.A.) 30 F.(2d) 898, reversed on certiorari on other points, Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731; Helvering, Com'r v. Hickman (C.C.A.) 70 F.(2d) 985, 986; Com'r v. Blair (C.C.A.) 83 F. (2d) 655, 659, column 1.

The reason that I prefer to base my concurrence upon the contract between the husband and wife with relation to their beneficial interest in the trust is that the abstract question of whether or not a joint tenancy can be created by a deed from the grantor to himself and another has not been decided by the Supreme Court of California, and as indicated by the amendment to the Civil Code of California, § 683, in 1929 (St.1929, p. 172), expressly providing that a joint tenancy might be created "by transfer from a sole owner to himself and others, or from tenants in common to themselves," and the subsequent amendment of the same statute in 1931 (St.1931, p. 2205) omitting the language just quoted, which was again restored in 1935 (St.1935, p. 912), it is evident that the matter is considered to be in some doubt in California. I do not doubt that the weight of authority favors the rule announced in the opinion of the majority, but whether that rule will be applied in California will depend upon the decision of its courts upon this broad general question. Here we have only to consider the effect of the agreement between the husband and wife. Upon that question I entertain no doubt that the agreement here in question created a joint tenancy.

I concur in the balance of the opinion.