RUTH IONE SWITZER, Appellee, v. LEROY B. PRATT et ux., Appellants.

No. 46893.

July 29, 1946.

D. D. Staples, of Des Moines, for appellants.

Bump & Bump, of Des Moines, for appellee.

Hale, J.—The facts in this case are stipulated as follows: That Delmar Eugene Switzer and Ruth Ione Switzer were husband and wife prior to the 9th day of September 1939, and continued to be husband and wife until the death of Delmar Eugene Switzer, which occurred in France on the 24th of March 1945, while in the military service of the United States; that he was the owner of Lot 67, except the south twenty feet and Lot 66, except the north ten feet thereof, all in Taylor Park Addition in the city of Des Moines, Iowa; that on the 9th day of September .1939, he and his wife executed a deed to Delmar Eugene Switzer, himself, and Ruth Ione Switzer, his wife, as joint tenants; that the said property was occupied as a homestead of Delmar Eugene Switzer and Ruth Ione Switzer, his wife, from about the first of September 1939, to the date that he entered the military service in 1942; that Ruth Ione Switzer, surviving wife of Delmar Eugene Switzer, entered into a contract to sell the said property to the defendants, LeRoy B. Pratt and Ruth Louise Pratt,

husband and wife, for the consideration of $8,600, $600 paid down, and the balance to be paid by assuming a mortgage, and the difference in cash; that pursuant to the said contract Ruth Ione Switzer tendered a deed to the defendants; that the said purchasers declined and now decline to accept the said deed and pay the purchase price, claiming that the deed from Delmar Eugene Switzer to Delmar Eugene Switzer and Ruth Ione Switzer did not create a joint tenancy and that Ruth Ione Switzer does not have full and complete title to the property under the said deed; that on the 9th of September 1939, Delmar Eugene executed a will, duly and properly witnessed, giving all of his property, real and personal, to his wife, Ruth Ione Switzer, which will has been duly admitted to probate in the district court of Polk County, Iowa, on the 2d day of July, A.D., 1945; that after making the said will, a child was born to Delmar Eugene Switzer and Ruth Ione Switzer, on September 1, 1944, named Nancy Ione Switzer; that after the child was born the will was not re-executed nor is any provision made in it for the child.

The deed referred to, so far as material to this inquiry, is as follows:

"KNOW ALL MEN BY THESE PRESENTS: That Delmar Eugene Switzer and Ruth Ione Switzer, his wife of Polk County and State of Iowa in consideration of the sum of One ($1.00) . . . . . . DOLLARS in hand paid by Delmar Eugene Switzer and Ruth Ione Switzer, his wife, as joint tenants and not as tenants in common, with the right of survivorship, of Polk County and State of Iowa do hereby SELL AND CONVEY unto the said Delmar Eugene Switzer and Ruth Ione Switzer, his wife, as joint tenants and not as tenants in common, with the right of survivorship [describing the property conveyed]." Duly signed and acknowledged.

The action by the survivor, Ruth Ione Switzer, was submitted on the foregoing stipulation and the district court entered a decree in favor of plaintiff, holding that the deed in question created an estate in joint tenancy with right of survivorship and that the grantor, as survivor, was the owner, entering judgment for plaintiff and providing that plaintiff

shall execute and deliver deed, and making the judgment a lien on the premises. From this decree defendants appeal.

In this action no issue is raised as to the will. The only question to be determined is the validity of the deed from Ruth Ione Switzer to the Pratts. That is, may a husband, who has title to real estate, properly create a joint tenancy by deed to himself and wife which recites, "as joint tenants and not as tenants in common, with the right of survivorship"?

The appellant argues that the creation of a joint tenancy in real estate, as derived from the common law, requires unity of possession, interest, time, and title in all holding an interest in such estate, and that the deed in question does not do so. He urges that the common-law rule must be preserved and bases his argument upon the case of Stuehm v. Mikulski, 139 Neb. 374, 297 N. W. 595, 137 A. L. R. 327, which he cites to the court without further argument.

In that case the deed in question, which was worded substantially as the deed in the present action, was held to be invalid, as procured by undue influence, and also as not capable of creating a joint tenancy. That court gave three principal reasons for rejecting the deed on the latter ground: First, it lacked the four unities argued by appellant—that is, one and the same interest, arising by the same conveyance, commencing at the same time, and held by the one and the same undivided possession. This, of course, was the common-law requisite to the creation of a joint tenancy. Second, the court argued that one holding an estate in fee title may not, without the intervention of a trustee, convey directly to himself and another, and create in himself and such another an estate in joint tenancy. Third, that the rule as to intent, by statute in Nebraska, did not enlarge, limit, or modify the substantive law, but was merely a rule of construction. In a dissent by Simmons, C. J., all the propositions advanced in the majority opinion are assailed and the authorities upon which the said majority opinion is based reviewed. We can do no more than refer to the majority and minority opinions, but we are more in accord with the latter, which holds that the rule as to the intention of the parties should prevail over the

technical common-law rules as to the creation of joint tenancies, and · such we believe has been the trend of our decisions in this state, as well as in other jurisdictions. It is of interest, though not controlling, to note that the legislature of Nebraska, within a few weeks after the rendition of this opinion, abolished the rule laid down in the majority opinion. Laws of 1941, chapter 153, Revised Statutes of Nebraska, 1943, vol. 4, sections 76–118.

 I. We think that a deed such as the one here considered is a valid conveyance in joint tenancy. The case of Fay v. Smiley, 201 Iowa 1290, 1297, 207 N. W. 369, 372, 209 N. W. 307, recognizes the form of conveyance by one to himself and another. The court says:

"It is urged herein that one cannot be grantor and grantee in the same deed, and that, therefore, the conveyance to himself amounts to nothing, and the other grantee in the deed takes the whole title. With this contention we do not agree." (Citing cases.)

For the reason that the deed failed to describe the estate conveyed in detail, the court held that it conveyed an estate in common, the part referring to the tenancy being merely descriptive and not controlling the ′ subsequent clauses in the deed and the granting clause conveying a fee-simple estate. But the form of deed by one to himself and another was upheld, although the property conveyed was an estate in common.

In the case of Conlee v. Conlee, 222 Iowa 561, 269 N. W. 259, two brothers, owners in common, by contract changed the ownership of their property to that of joint tenancy. This court held that, there being nothing in law to prohibit them in so doing, upon the death of one of the partners the survivor became the absolute owner of the partnership property as in joint tenancy. (Citing cases.)

In Stonewall v. Danielson, 204 Iowa 1367, 217 N. W. 456, the parties orally agreed that their accumulations of real and personal property were to be held jointly. After the death of one the court held the property to be that of the survivor. Citing Wood v. Logue, 167 Iowa 436, 149 N. W. 613, Ann. Cas. 1917B, 116; Stewart v. Todd, 190 Iowa 283, 173 N. W.

619, 180 N. W. 146, 20 A. L. R. 1272. The holding of the Nebraska court in the Stuehm case was based, in part, on the common-law rule that one might not convey real .estate to himself; that to create an estate in joint tenancy, grantor either had to convey to himself, and in so doing change the nature of his estate, or such estate must have come into being without the required unity of time or title. But, under our decisions, such a conveyance to oneself and another is not invalid. And we are also satisfied that under the majority of decisions of other states such a conveyance is valid. It is not disputed that a conveyance through a trustee would convey a title in the grantee. We see no reason why the desired result may not be directly accomplished instead of indirectly by the intervention of a trustee when the result sought is the same in either case.

Among the cases holding that a deed to oneself and another is valid, are Dutton v. Buckley, 116 Or. 661, 242 P. 626, 628; Edmonds v. Commissioner of Internal Revenue, 9 Cir., Cal., 90 F. 2d 14, 16 [certiorari denied 302 U. S. 713, 58 S. Ct. 32, 82 L. Ed. 551], holding that the weight of authority is that such conveyance is valid (citing cases); Irvine v. Helvering, 8 Cir., Minn., 99 F. 2d 265; Ames v. Chandler, 265 Mass. 428, 164 N. E. 616; In re Horler's Estate, 180 App. Div. 608, 168 N. Y. Supp. 221, 223; Cadgene v. Cadgene, 17 N. J. Misc. 332, 8 A. 2d 858, affirmed 124 N. J. Law 566, 12 A. 2d 635; Colson v. Baker, 42 Misc. 407, 87 N. Y. Supp. 238.

II. Holding as we do, that the deed was not invalid as to the parties thereto, we should consider what was conveyed thereby. Appellee cites and appellant refers to the case of Wood v. Logue, supra, 167 Iowa 436, 437, 440, 149 N. W. 613, 614, 20 A. L. R. 1272. In that case Daniel Logue, unmarried, made a deed for forty acres, granting to his two sisters, also unmarried, the right to occupy the premises, and upon the death of the last one of the three the survivor should own the entire fee-simple title. The recitation of the deed was as follows:

"In case of the death of the grantor, the grantees are to inherit the undivided one-third interest of the grantor, and in case of one of the grantees dying first, the grantor and the

surviving grantee are to inherit that portion of the property that is owned by the grantor and grantee that are deceased. It is understood between the grantor and grantees herein that the one dying last is to be the absolute owner of the property herein described, and he or she may dispose of the entire property by will or in any other way that he or she may desire.''

In an opinion written by Justice Weaver this court held that a joint tenancy was created. A part of such opinion is as follows:

''That an estate of joint tenancy may exist in this jurisdiction does not appear to be denied by counsel, and, indeed, could not well be. Estates of joint tenancy were well known at common law, and, though they have fallen into quite general disuse, are not entirely obsolete. Our Code, section 2923 [Code 1939, section 10054, Code 1946, section 557.15], which provides that conveyances to two or more persons in their own right create a tenancy in common, unless a contrary intent is expressed, is a reversal of the effect of such conveyances at common law; the rule there being that under a deed to two or more, no other intent being indicated, the grantees take as joint tenants, and not as tenants in common. The qualifying words in the statute cited, 'unless a contrary intent is expressed,' would seem therefore to leave place in the law of the state for a joint tenancy, with its characteristic incident of survivorship, if the intent of the parties to the instrument to create it is clearly indicated by the language employed.

''The deed now before us is not drawn with the technical nicety and exactness which might have been used by a learned professional conveyancer, but it has the virtue not always present in even more formal instruments of so expressing the purpose of the parties thereto as to leave its intended effect too clear for doubt. It is very manifest that the paramount or general intent of the transaction which is thus evidenced is to make the grantees joint owners of the land with the grantor, and to provide for the right of survivorship between them, or, to use the language of the deed, 'the one dying last is to be the absolute owner of the property, and he or she

may dispose of the entire property by will or in any way he or she may desire.' It is true the word 'inherit' employed in the deed is not technically correct as applied to the acquirement of title by survivorship, but, when read in connection with the entire instrument, it is clear that it was so employed by these parties. To hold otherwise is to give no force or effect whatever to the last and, in some respects, most significant provision of the deed.''

Notwithstanding the Code provision favoring tenancy in common, the language of this deed was considered sufficiently explicit as to evidence a contrary intent, and was so interpreted by reference in Albright v. Winey, 226 Iowa 222, 228, 284 N. W. 86, in which case, however, it was held that the mere use of the word ''jointly,'' without other words indicating the intention of the parties to create a joint tenancy, was not sufficient. See, also, Fay v. Smiley, supra, and Gruwell v. Gruwell, 185 Iowa 581, 171 N. W. 290, in each of which the deed, taken as a whole, failed to show any intent to create a joint tenancy, as an examination of the instrument in question discloses.

In the case of Conlee v. Conlee, supra, this court recognized, under the record, an agreement between two holders of land. In the case of Stonewall v. Danielson, supra, 204 Iowa 1367, 1372, 217 N. W. 456, 458, this court said:

''Fundamentally, the rights and equities of appellees need not be based upon the doctrine 'of gifts,' nor are the deeds and assignment essential; but rather, appellees' 'title' can be substantiated and sustained upon the foundation of the original contract. That can be true without a technical discourse on the question as to whether or not there was created 'a joint tenancy.' It is enough to find and hold that the agreement between the original three was legal and binding, and not in conflict with the laws of Iowa or public policy. Necessary elements of validity are present in this basic stipulation. Stewart v. Todd, 190 Iowa 283; Wood v. Logue, 167 Iowa 436.''

In a recent case, Hruby v. Wayman (1941), 230 Iowa 653, 656, 298 N. W. 639, 640, this court considered a deed

which, by its terms, sold and conveyed to ''Lena Wayman and Grant Wayman *or* to the survivor of either'' (italics ours) certain real estate. Lena Wayman survived. Plaintiffs, in an action to quiet title, were devisees of Mrs. Wayman. In an opinion by Justice Oliver this court held that the deed created a joint tenancy. The opinion reviews our previous holdings, distinguishing cases where the theory of joint tenancy has been denied, and citing Wood v. Logue, supra, and states:

''The word 'survivor' or 'survivorship' has no equivocal meaning, and as here used is not an incident to the creation of a tenancy in common. Such appears to be the holding of courts which have construed instruments containing clauses identical or similar to the one in this case.'' (Citing cases.)

It has been held in other jurisdictions that such a deed is valid, and, when properly worded, conveys a joint estate. See Lawton v. Lawton, 48 R. I. 134, 136 A. 241; Ames v. Chandler, supra, holding that a deed by a husband to himself and his wife, as joint tenants and not as tenants in common, conveyed an estate in joint tenancy. In that state, however, conveyance was authorized by statute.

In Colson v. Baker, supra, 42 Misc. 407, 410, 87 N. Y. Supp. 238, 240, the court held that:

''It being conceded that the intent to create a joint tenancy in Mary Ann Baker and Johanna Baker is clear and distinct, and that it could have been accomplished by a conveyance through a dummy, a third party, I see no reason for insisting upon such circuitousness, but I think it was so created by the deed of Mary and Elizabeth to Mary and Johanna, and that Johanna having died Mary took the entire fee by survivorship.''

In that case it is stated at page 409 of 42 Misc., page 239 of 87 N. Y. Supp.:

''In all references to the 'four unities' requisite to create a joint tenancy, I find nothing that prevents their existence or creation by the act of the grantor for himself and another as well as by his act for two other persons.'' Citing Thomas' Coke on Littleton, vol. 1, 732, and other authorities; Forney

v. Farmers' Mut. F. Ins. Co., 181 Minn. 8, 231 N. W. 401; Irvine v. Helvering, supra; Ames v. Chandler, supra; Brown v. Jackson, 35 N. Mex. 604, 4 P. 2d 1081. See, also, Saxon v. Saxon, 46 Misc. 202, 93 N. Y. Supp. 191, in which a husband conveyed to himself and wife certain real property, and it was held that a deed from the husband to himself and wife created a joint tenancy. See, also, annotations in 137 A. L. R. 348, citing Edmonds v. Commissioner of Internal Revenue, supra; Matter of Klatzl, 216 N. Y. 83, 110 N. E. 181. In the annotation in 137 A. L. R., beginning on page 348, are collected various cases relating to estates by entirety, which, so far as the right of survivorship is concerned, are similar to joint tenancies. That there is a division of authorities may be conceded, but in our opinion the rules as laid down and heretofore referred to seem to be not only the modern but the logical rules in the construction of such deeds, even though some of the technical requirements for the creation of such estates, as required at common law, may be lacking in such conveyances.

The general rule as to the creation of joint tenancies is stated that under statutes generally prevailing the common-law preference for joint tenancies has been superseded and a conveyance to two or more grantees will create a tenancy in common unless an intention to create a joint tenancy is expressed. 26 C. J. S. 427, 429, section 127:

"An estate of survivorship will be created by a deed manifesting an intention to create such an estate." (Citing Arthur v. Arthur, 115 Neb. 781, 215 N. W. 117, citing the Wood v. Logue case.)

In a deed such as the one we are considering, we have no doubt as to the form of conveyance intended.

III. It is the general law that in the construction of deeds the intention shall prevail. 18 C. J. 252, section 198, note 31; Smyth v. Fogle, 150 Iowa 161, 129 N. W. 735; Ault v. Hillyard, 138 Iowa 239, 115 N. W. 1030. See, also, 26 C. J. S. 324, section 83:

"The main object in construing a deed is to ascertain the intention of the parties from the language used and to effec-

tuate such intention where not inconsistent with any rule of law.'' (Citing Iowa Farm Credit Corp. v. Halligan, 214 Iowa 903, 906, 241 N. W. 475; Keck v. McKinstry, 206 Iowa 1121, 1126, 221 N. W. 851; Van Dusen v. Sharrar, 186 Iowa 1082, 173 N. W. 97.)

It is evident that the intention should govern when not in conflict with some established rule of law:

''The tendency of modern decisions is to disregard technicalities and to treat all uncertainties in a conveyance as ambiguities subject to be cleared up by resort to the intention of the parties as gathered from the instrument itself, the circumstances attending and leading up to its execution, and the subject matter and the situation of the parties as of that time. Hence, in the construction of deeds surrounding circumstances are accorded due weight. In the consideration of these various factors, the court will place itself as nearly as possible in the position of the parties when the instrument was executed.

''Where the intention of the grantor clearly appears from the face of a deed, effect will be given thereto, however unusual the form of the deed, unless the repugnancy in its clauses is such as to render the deed utterly void.'' 16 Am. Jur. 531, 532, section 168.

''One rule of construction to be observed is to ascertain and carry out the intention of the grantor, if possible; and if the instrument is without ambiguity, such intention must be gathered therefrom. It is also a familiar rule of construction that effect must be given to all parts of the instrument, if possible.'' (Citing cases.) Shaull v. Shaull, 182 Iowa 770, 774, 166 N. W. 301, 302, 11 A. L. R. 15.

In view of the foregoing we are satisfied that the deed in question created a joint tenancy in the grantees and that the title was vested in the survivor, plaintiff in the action for specific performance, and that it was properly executed, and that the district court was right in decreeing specific performance.

The cause is therefore affirmed.—Affirmed.

All JUSTICES concur.