(46 Misc. Rep. 202.)

### SAXON v. SAXON et al.

#### (Supreme Court, Special Term, Orange County. January, 1905.)

1. DEED TO HUSBAND AND WIFE—OPERATION—ESTATE BY ENTIRETIES.

    Under Laws 1896; p. 221, c. 272, § 26 (Domestic Relations Law), providing that husband and wife may convey real or personal property directly, the one to the other, without the intervention of a third person, a conveyance by a husband to himself and his wife does not, by operation of law, make them tenants by the entirety.

2. SAME—CONSTRUCTION OF DEED.

    A deed by a husband to himself and his wife stated in its first clause that it was made between the husband, as party of the first part, and himself and his wife "for their joint lives, and upon the death of either the survivor to become the absolute owner, of the second part." The words of conveyance were "to the parties of the second part and their heirs and assigns, forever." *Held*, that the conveyance did not create an estate by the entireties.

Action by John F. Saxon against Mary V. Saxon and others. Judgment for plaintiff.

John W. Lyon, for plaintiff.
Alfred Marvin, for defendants.

GAYNOR, J. The plaintiff owned the land, and made deeds of conveyance of it to himself and his wife. The words of conveyance are to them and "their heirs and assigns forever." The wife claims that partition will not lie for the reason that she and her husband are each seized of the entirety under the conveyances. At common law a conveyance to husband and wife necessarily and unavoidably made them tenants by the entirety, the survivor to take the whole estate, owing to the common-law rule of the unity of husband and wife. Notwithstanding the statutes in this state enabling married women to possess and enjoy separate estates, it was held that such a conveyance continued to vest in each the entirety (Bertles v. Nunan, 92 N. Y. 152, 44 Am. Rep. 361), though it was held later that this did not apply to the usufruct during the joint lives, but that as to it they hold in severalty (Hiles v. Fisher, 144 N. Y. 306, 39 N. E. 337, 30 L. R. A. 305, 43 Am. St. Rep. 762).

But the present conveyances were made since the enactment that "husband and wife may convey or transfer real or personal property directly, the one to the other, without the intervention of a third person." Domestic Relations Law, § 26 (Laws 1896, p. 221, c. 272). This certainly dissolved their common-law unity in respect of such a conveyance. Under it the plaintiff was free to convey to his wife any estate he saw fit in his lands. The conveyances he made are singular, making himself one of the grantees, as they do; but no question is made that they vest the title in him and his wife.

It was the common-law rule of unity which gave a conveyance to husband and wife the effect of vesting an estate by the entireties in them. Being one, a conveyance to them necessarily and un-

avoidably made them tenants by the entirety, although it did say so. But that rule cannot apply to a conveyance made under the statute enabling husband and wife to convey to each other, for it abrogates the rule of unity in respect of such conveyances.

It is claimed, however, that the conveyances are by express words of an estate by the entireties. This is based on the first clause of the deeds, which, as is usual, is devoted to a description of the parties. The clause is as follows:

"This indenture, made the 16th day of May in the year 1901, between John F. Saxon, of the Village of Port Jervis, Orange County and State of New York, party of the first part, and John F. Saxon and Mary V. Saxon, his wife, for their joint lives, and upon the death of either the survivor to become absolute owner, of the second part."

But the subsequent words of conveyance fall short of creating an estate by the entireties; they are not apt or operative for that purpose, but only for a simple conveyance, and it seems to me they must control. It is true that the whole deed must be read for the intention, but nevertheless no effect can be given to any intention in a conveyance or will which does not contain words adequate to express and carry it out. Wash. on Real Prop. bk. 3, c. 5, § 4, subd. 19.

But however this may be, if we give the same effect to the words of the clause quoted as they would receive if in the premises or conveying clause, or in the habendum, they do not create an estate by the entireties, but only a joint tenancy; and the plaintiff was able to convey an estate in joint tenancy, or any other estate, to his wife.

Interlocutory judgment of partition.