BRUNETTE, Respondent, vs. NORBER, Appellant.

*January 12—February 19, 1907.*

*Husband and wife: Right of wife to acquire property: Tax titles: Actions to try title: Limitation of actions: "Grantee."*

1. A married woman has a right to acquire title to real property by accepting a warranty deed from a tax-title grantee and paying therefor from her own separate estate.
2. In an action of trespass it was established by the verdict of the jury and the undisputed evidence that plaintiff, a married woman, was in the actual possession of the premises in dispute from June 11, 1896, the time a void tax deed was recorded, down to and including January 24, 1906, the time when the alleged trespass was committed, and that neither defendant nor any person under whom he claimed title had paid any taxes on such premises, but on the contrary that the plaintiff had paid all the taxes thereon after the execution of the tax deed.

Sec. 1189b, Stats. 1898, which went into effect September 1, 1898, provides that "no action shall be brought by the original owner for the recovery of lands purporting to be conveyed for .the nonpayment of taxes by a deed void on its face after the expiration of five years from the date of the recording of the tax deed, in cases where the grantee in the tax deed shall have taken actual possession of such land within two years after such recording and shall· have actually and continuously maintained such possession to the end of such period of five years." *Held*, that plaintiff's case came within the language of such statute, and established her title.

.3. In such case plaintiff was a "grantee" within the calls of sec. 1189b, Stats. 1898, although she was not named as such in the tax deed, but only as grantee in a warranty deed given her by the person to whom the tax deed was issued, the word "grantee," in sec. 1189b, being governed by the rule of construction contained in subd. 4, sec. 4971.

ᶠAPPEAL from a judgment of the circuit court for Brown county: SAMUEL D. HASTINGS, Circuit Judge. *Affirmed.*

This is an action of trespass commenced January 24, 1906, to recover damages for cutting grass and timber on the lands described between September 1, 1905, and December 15, 1905. The plaintiff claims title to such lands under a tax deed issued to one August Ysebaert, assignee of A. L. Gray, executed June 10, 1896, and recorded June 11, 1896, and a warranty deed from said August Ysebaert and wife to the plaintiff, executed and delivered at the same time and duly recorded November 6, 1896, and actual possession under said deeds from June 11, 1896, down to the commencement of this action. The defendant answered by way of admissions, denials, and counter allegations to the effect that the defendant and the heirs at law of one Charlotte Vieau were and are the owners in fee and in possession of all the lands described; that the tax deed under which the plaintiff so claims title was issued by the city of Green Bay, and recorded more than three years prior to the commencement of this action; and that the plaintiff has not been in the actual possession of said premises or any part thereof for three years successively dur-

ing the five years next after the recording of such deed, and during such time the defendant had been in the actual and continued possession as such owner, and hence that the plaintiff is barred from maintaining the action; that for more than ten years prior to the commencement of this action the defendant and his grantors had owned and occupied said premises under color of title upon a written instrument, and had been in continued, open, and notorious possession thereof under color of title, to wit, a deed from the original owner to M. A. Sellers, dated May 10, 1890, and from the heirs at law of M. A. Sellers, deceased, to defendant, dated July 1, 1905.

The record evidence is quite voluminous. A number of admissions and stipulations were made by the respective parties. Each party moved to have a verdict directed in his or her favor, except that the question of damages should be left to the jury. After considerable parleying between the court and the counsel as to the question or questions to be submitted to the jury, counsel for the defendant stated:

"We ask the court to submit to the jury the question whether or not the plaintiff was in possession of the premises in dispute during the summer of 1905, on the testimony during the season of 1905, including the time that the alleged trespass was committed."

The court thereupon inquired as to what was the conflict in the testimony, and counsel thereupon stated in effect that the conflict in the testimony was as to who was in possession when the defendant acquired his deed and took peaceable possession. The court thereafter submitted to the jury this question: "Was the plaintiff, *Johanna Brunette,* in possession of the premises in question when the defendant, *Peter Norber,* entered on the same in September and December, 1905, and cut the grass and trees?" Answer of the jury: "Yes." Thereupon, and "upon the law and undisputed evidence in the case, and the special verdict of the jury, and on the motion of

the plaintiff's attorneys," it was thereby "ordered that judgment be entered in favor of the above-named plaintiff and against the above-named defendant for the sum of $15 damages, and costs and disbursements of the plaintiff, to be taxed by the clerk." From the judgment entered accordingly the defendant appeals.

For the appellant there was a brief by *Sheridan & Evans* and *John F. Watermolen,* and oral argument by *Philip Sheridan.*

For the respondent there was a brief by *Neville & Tracy,* and oral argument by *John E. Tracy.*

CASSODAY, C. J. There is no claim that the defendant was in possession of the premises prior to the time he obtained his deed dated July 1, 1905, mentioned in his answer. There was some question as to whether the plaintiff acquired the tax title in good faith or in collusion with her husband and for his benefit. It is undisputed, however, that the record title under the tax deed was taken in the name of the plaintiff and for her benefit, and that she paid for the same from her own separate property. It is conceded that such tax deed was void upon its face. True, there is evidence tending to prove that work was performed on the land for the plaintiff's husband, but it also appears, and is undisputed, that the plaintiff lived thereon and paid for such services. Under the repeated rulings of this court, the right of a married woman to acquire title in the manner indicated cannot be seriously doubted. *Dayton v. Walsh,* 47 Wis. 113, 2 N. W. 65; *Kendall v. Beaudry,* 107 Wis. 180, 184, 83 N. W. 314; *Kriz v. Peege,* 119 Wis. 105, 109, 95 N. W. 108; and cases there cited. As indicated in the statement of facts, the jury found that the plaintiff was in possession of the premises when the defendant entered upon the same and cut the grass and trees as mentioned. Such finding is amply supported by the evidence. The value of such grass and trees appears from the

testimony of the defendant and is undisputed. It is established by the verdict of the jury and the undisputed evidence that the plaintiff was in the actual possession of the premises from the time the tax deed was recorded down to and including the time when the alleged trespass was committed. During that time neither the defendant nor any person under whom he claimed title paid any taxes on the premises. On the contrary the plaintiff paid all taxes thereon after the execution of such tax deed. In view of such undisputed evidence and such verdict, the question recurs whether the plaintiff has established her title to the premises by virtue of such actual possession under such void tax deed during the time mentioned. The general purpose of the statutes in respect to taxes is to secure the early payment of the same and to bar all controversies in regard to such taxes within certain limited periods. Not only are the grantee in a tax deed and those claiming under him limited to certain periods within which to enforce their claim against the land, but the former owner and those claiming under him are also limited to certain periods within which to avoid such tax deed. Secs. 1187–1189$b$, Stats. 1898. Among the limitations upon the former owner is an amendment proposed by the revisers of the Statutes of 1898 and adopted by the legislature, which declares:

"No action shall be brought by the original owner for the recovery of lands purporting to be conveyed for the nonpayment of taxes by a deed void on its face after the expiration of five years from the date of the recording of the tax deed, in cases where the grantee in the tax deed shall have taken actual possession of such land within two years after such recording and shall have actually and continuously maintained such possession to the end of such period of five years." Sec. 1189$b$, Stats. 1898.

It is said in a note by the revisers that such amendment was "intended to apply such limitation even if the tax sale was without jurisdiction, since the limitation depends wholly on color of title and actual possession of part or all of the land in question." See cases there cited. The case presented

comes squarely within the language of the statute quoted. True, the plaintiff is not named as grantee in the tax deed, but is named as grantee in the warranty deed given to her by the person to whom such tax deed was issued. Our statute declares:

"The word 'grantor' may be construed as including every person from or by whom any freehold estate or interest passes in or by any deed; and the word 'grantee' as including every person to whom any such estate or interest passes in like manner." Subd. 4, sec. 4971, Stats. 1898.

Sec. 1189*b* went into effect September 1, 1898, only a little over two years after the recording of the tax deed in question. It clearly applies to this case, and establishes the plaintiff's title under the tax deed and bars the defendant as the original owner.

We find no reversible error in the record.

*By the Court.*—The judgment of the circuit court is affirmed.