McCarthy, Plaintiff in error, vs. The State, Defendant in error.

*December 6, 1919—January 13, 1920.*

*Pure food law: Constitutional law: Police power of state: Boric acid as a food: Definition of word by legislature.*

1. The enactment of the pure food law (secs. 4600 *et seq.,* Stats.) was in the lawful exercise of the police power.
2. The legislature may provide its own definition of a word used in a law which it enacts, and, when it does so, that definition must necessarily control, regardless of dictionary definitions.
3. A preparation composed of ninety-five per cent. boric acid and five per cent. common salt, advertised and intended to be used as a preservative in the canning of all kinds of fruits and vegetables, is a violation of sec. 4601e, Stats., prohibiting the sale of food containing boric acid, such preparation being "a food" within the meaning of sec. 4600, as amended by ch. 202, Laws 1909, providing that "all articles used or intended for use as ingredients in the composition" of food or "in the preparation thereof" shall constitute food.

ERROR to review a judgment of the superior court of Dane county: AUGUST C. HOPPMANN, Judge. *Affirmed.*

*McCarthy* was convicted of violation of the pure food law (sec. 4601*e*, Stats.), and brings his writ of error to reverse the judgment. The facts were undisputed and were in brief as follows: *McCarthy* offered for sale and sold for use and consumption within the state a compound known as Mrs. Price's Canning Compound, composed of ninety-five per cent. boric acid and five per cent. common salt, advertised and intended to be used as a preservative in the canning of all kinds of fruits and vegetables. At the time of the sale, June 5, 1918, sec. 4601*e* provided that "No person . . . shall . . . sell . . . or offer for sale any article of food within the meaning of sec. 4600 of the statutes, which contains . . . boric acid . . . or any other preservatives injurious to health." Sec. 4600, after prohibiting the sale of any drug or article of food which is adulterated or any candy containing intoxicating liquor, further provides that "The term, 'food,' as used herein shall include all articles used for food or drink or condiment by man, whether simple, mixed or compound, *and all articles used or intended for use as ingredients in the composition thereof or in the preparation thereof.*" Sec. 4601*e* was first enacted in 1905 (ch. 33, Laws 1905), and at that time sec. 4600 did not contain the final clause quoted above in italics, but stopped with the word "compound." The clause in question was added to the section by ch. 202, Laws 1909.

For the plaintiff in error there was a brief by *Trafford N. Jayne* of Minneapolis and *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Mr. T. C. Richmond* and *Mr. Jayne.*

For the defendant in error there was a brief by the *Attorney General* and *J. F. Baker,* assistant attorney general, and oral argument by *Mr. Baker.*

WINSLOW, C. J.  The legislature has determined that food used by our citizens ought not to contain boric acid because it is believed to be harmful to the health.  In the lawful exercise of its police power the legislature has. interdicted the sale of food containing boric acid by sec. 4601e of. the.Statutes, and has referred us to sec. 4600 of the Statutes for the definition of the word "food."  Turning to the last named, section, we find that the definition of· food at the time of the sale in question included "all articles . . . intended for use as ingredients in the composition thereof or in the preparation thereof."  It is entirely competent for the legislature to provide its own definition of a word used in a law which it enacts, and when. it does so that definition must necessarily control regardless of dictionary definitions.  So the question is not whether the compound in question is really a food or whether the definition provided by the statute is a logical one, but whether the compound was intended for use as an ingredient in the composition or preparation of food.  If it was, then it was a "food" within the meaning of sec. 4601e, and as it contained ninety-five per cent. of boric acid its sale was prohibited by that section.  We think the question must be answered in the affirmative.  Clearly the compound is intended to enter as ·a constituent part into the food which it preserves, otherwise it could hardly have effect as a preservative; thus it necessarily becomes an ingredient in the composition thereof; and just as clearly the canning of fruit or vegetables is a part of the preparation of such fruit or vegetables for use as food.  The fact that the canning operation may be removed by a considerable period of time from the final acts of preparation. for the table does not make it any the less a legitimate part of the general work of preparation of the raw material for use as food.

*By the Court.*—Judgment affirmed.

OWEN, J., took no part.