HASS, Administrator, and others, Respondents, vs. HASS, Appellant.*

*December 5, 1945—January 8, 1946.*

* Motion for rehearing denied, with $25 costs, on March 12, 1946.

*William F. Krueger* of Wausau, for the appellant.

For the respondents there was a brief by *Genrich & Genrich,* attorneys, and *Herbert L. Terwilliger* of counsel, all of Wausau, and oral argument by *Mr. Terwilliger.*

ROSENBERRY, C. J.   The facts may be briefly stated as follows: On February 8, 1944, Bertha Hass, an elderly widow, was the owner of a one-hundred-twenty-acre farm and the personal property thereon.   Her son, Herbert, was about thirty-seven years of age and had lived and worked on the farm all his life.   Mrs. Hass had previously made a will bequeathing and devising the property to Herbert.   During the winter of 1943–1944 she was in poor health and fearful that the son Walter might cause trouble, she asked her son Arnold to procure someone to draw a deed so that she could deed the farm to Herbert in such a way that it would be his after her death but would be hers in case Herbert should predecease her.   After the execution of the deed in question the will was destroyed.

The deed was prepared on a printed form bearing across its top the label "Warranty Deed To Husband and Wife as Joint Tenants." The scrivener who drafted the instrument had been an abstractor and real-estate broker for more than twenty-five years but was not an attorney at law. The appropriate blanks, the description, the names of the parties to the instrument, and the recitation thereon below the description were all written in longhand by the scrivener in pen and ink. In the deed Bertha Hass, widow, was described as the party of the first part. The parties of the second part were described as—

"Bertha Hass and Herbert W. Hass of Marathon county, mother and son, and the survivor of them in his or her own right."

The granting clause provided that the said party of the first part for a consideration, gives, grants, etc.,—

"unto the said parties of the second part, a life estate as joint tenants during their joint lives and an absolute fee forever in the remainder to the survivor of them, his or her heirs and assigns, in and to the following-described real estate [description]."

After the description is the following:

"The purpose of this conveyance is to vest the title to the above-described property in the grantees herein named as joint tenants and none other."

The habendum clause is as follows:

"To have and to hold, the said premises above described with the hereditaments and appurtenances, unto the said parties of the second part, as follows, to wit: A life estate as joint tenants during their joint lives and an absolute fee forever in the remainder to the survivor of them and to his or her heirs and assigns."

The material part of the warranty is as follows:

"And that the above-bargained premises, in the quiet and peaceful possession of the said parties of the second part, as

joint tenants of the life estate therein during their joint lives and an absolute fee in the remainder to the survivor of them, his or her heirs and assigns, against all and every person," etc.

The law relating to the creation of joint tenancies was modified by sec. 230.45 (2) and (3), Stats., ch. 437, Laws of 1933, which provides:

"(2) Any deed from husband to wife or from wife to husband which conveys an interest in the grantor's lands and by its terms evinces an intent on the part of the grantor to create a joint tenancy between grantor and grantee shall be held and construed to create such joint tenancy, and any husband and wife who are grantor and grantee in any such deed heretofore given shall hold the premises described in such deed as joint tenants.

"(3) Any deed to two or more grantees which, by the method of describing such grantees or by the language of the granting or habendum clause therein evinces an intent to create a joint tenancy in grantees shall be held and construed to create such joint tenancy."

The trial court was of the view that if the deed in question had been given by a husband to his wife or by a wife to her husband, it would have created a joint tenancy in the husband and wife, but this only because of the express language contained in sub. (2), but that the parties to this deed not being husband and wife, only sub. (3) applies.

The court was further of the view that if the language of sub. (3) was broad enough to include a deed from an owner to himself and another as joint tenants, sub. (2) would be meaningless. The court further said:

"I do not think that it was the intent of this deed to create a mere life estate [in the grantor], as we think of the creating of a life estate. It is true that they used language in here which is language that is customarily used, or at least is properly used, in creating a joint tenancy, but I don't think it was the intent of this instrument, 'Exhibit A,' to reserve a life estate merely, to the grantor, Bertha Hass. I think it was her clear intent that she should get this property in the event her son

should die ahead of her. The express language written in pen and ink is as follows: 'The purpose of this conveyance is to vest title to the above-described property in the grantees herein as joint tenants and none other.'"

From the language of the deed in question there can be no doubt that by the description of the grantees, by the language of the granting clause and by the language of the habendum clause, the grantor evinced an intent to create a joint tenancy in the persons named as grantees.

*Breitenbach v. Schoen* (1924), 183 Wis. 589, 592, 198 N. W. 622, was decided before the amendment of sec. 230.45, Stats., which added subs. (2) and (3), was adopted. In that case it is said:

"Manifestly, the deceased could not convey an interest in the certificate to herself, and it is quite clear that she did not intend to convey the entire interest in the certificates to her son. Not being able to make a conveyance to herself, there was neither unity of title nor unity of time, and under such circumstances a tenancy in common was created rather than a joint tenancy. There was therefore no right of survivorship as to the four certificates assigned."

In *Porter v. Porter* (1942), 381 Ill. 322, 328, 45 N. E. (2d) 635, there was a conveyance by the husband and wife to themselves of real property of which the husband was the owner "not in tenancy in common, but in joint tenancy." It was held that this conveyance created a tenancy in common and not a joint tenancy. However, there were other clauses in the deed which impaired the efficiency of the language employed.

In the following cases deeds by the owner of property to himself and another have been held to create a joint tenancy: *Lawton v. Lawton* (1927), 48 R. I. 134, 136 Atl. 241; *Ames v. Chandler* (1929), 265 Mass. 428, 164 N. E. 616; *Colson v. Baker* (1904), 42 Misc. 407, 87 N. Y. Supp. 238; *Saxon v. Saxon* (1905), 46 Misc. 202, 93 N. Y. Supp. 191. However,

these cases rest upon statutes substantially different than the statutes of this state.

The whole matter was thoroughly discussed in *Stuehm v. Mikulski* (1941), 139 Neb. 374, 376, 297 N. W. 595, where it was held that an owner of real estate could not by a deed given to himself and his wife create an estate in joint tenancy although the deed contained the language "as joint tenants, and not as tenants in common." To this is appended a note beginning 137 A. L. R. p. 348, which refers to a prior annotation in 62 A. L. R. p. 514. The rule in Nebraska was changed by statute. In *Edmonds v. Commissioner of Internal Revenue* (9th Cir. 1937), 90 Fed. (2d) 14, 16, after citing the Wisconsin and Illinois cases, it is said:

"We believe the technical view should give way to the intention of the parties, and hold that a joint tenancy may be created by conveyance from one to himself and another, as joint tenants." *Certiorari* was denied.

A decision of this question requires some consideration of the history of our statutory law upon the subject. This history down to 1903 is completely reviewed and set forth in *Wallace v. St. John* (1903), 119 Wis. 585, 97 N. W. 197. It is not necessary for us to repeat here what was said there.

Secs. 230.44 and 230.45, Stats., remained unchanged from the revision of 1878 until the enactment of ch. 437, Laws of 1933. The case of *Weber v. Nedin* (1932, 1933), 210 Wis. 39, 41, 242 N. W. 487, 246 N. W. 307, 246 N. W. 686, arose prior to the amendment. In the deed the grantees were described as follows:

"Tomas Nedin and Sofi Nedin, his wife, and to the survivor of either, of the same place, parties of the second part."

The granting clause of the deed conveyed the premises to—

"the said parties of the second part, their heirs and assigns forever."

It was held upon reargument and careful consideration that this language was sufficient to create a joint tenancy. In that case it was contended that there was a repugnancy between the granting clause and the clause describing the grantees but that contention was not upheld.

*Weber v. Nedin, supra,* was decided upon the ground that upon consideration of the instrument, the intent of the parties was plain and must prevail; that under the law of this state, the use of the word "survivor" was consistent with no other cotenancy than that of joint tenancy. The provisions of the amendment of 1933 must be read in connection with sec. 230.44, Stats. That section provides:

"All grants and devises of land made to two or more persons, except as provided in section 230.45, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy."

Under this section it was held, *Fries v. Kracklauer* (1929), 198 Wis. 547, 548, 224 N. W. 717, that a grant which described the grantees as—

"Elizabeth Fries and Anna Kracklauer, jointly, daughters of above grantor,"—

there being no other language in the instrument upon which a claim to joint tenancy could be based, that the deed created a tenancy in common and not a joint tenancy. Tenants in common as well as joint tenants hold jointly, therefore the word "jointly" does not connote joint tenancy as does the word "survivor." See *Weber v. Nedin, supra.*

Where the conveyance was to husband and wife, sec. 230.44, Stats., did not apply and the grantees held as joint tenants. *Bassler v. Rewodlinski* (1906), 130 Wis. 26, 109 N. W. 1032. But for the provision in sec. 230.44, the deed in *Fries v. Kracklauer, supra,* would have created a joint tenancy because the four unities were present.

We come now to a consideration of the effect of the enactment of ch. 437, Laws of 1933, creating subs. (2) and (3) of sec. 230.45, and more particularly sub. (3), which provides:

"Any deed to two or more grantees which, by the method of describing such grantees or by the language of the granting or habendum clause therein evinces an intent to create a joint tenancy in grantees shall be held and construed to create such joint tenancy."

Sub. (3) modifies the last clause of sec. 230.44, Stats., which provides that an instrument must "expressly" declare that a joint tenancy is being created, even though the four unities are present. Under sub. (3), if the language used is such as to "evince" an intent on the part of the grantor to create a joint tenancy, it is a sufficient declaration. To manifest or make evident an intent falls far short of making an express declaration of intent. See Restatement, Contracts, secs. 20, 21.

While sub. (3) does not apply to the situation before us, the defendant argues that we should hold that the word "grantees" in sub. (3) is used in its popular sense and not in its technical legal sense. We are here considering a statute so that sec. 370.01, Stats., relating to construction of statutes is applicable. Sub. (4) of that section provides:

"The word 'grantor' may be construed as including every person from or by whom any freehold estate or interest passes in or by any deed; and the word 'grantee' as including every person to whom any such estate or interest passes in like manner."

The meaning of the term "grantee" was considered in *Brunette v. Norber* (1907), 130 Wis. 632, 110 N. W. 785, and was held to include not only the grantee named in a tax deed but the grantees named in subsequent deeds to the same interest in the land. In that case there is nothing to indicate that the meaning of the word "grantee" is in any way modified,—it merely applies to subsequent grantees.

The application of the statutory definition does not permit us to hold in this case, as it is held in some other jurisdictions, that the word grantee may be used in a different or popular sense. *McCarthy v. State* (1920), 170 Wis. 516, 175 N. W. 785.

We agree with the trial court that sub. (3) does not apply but that that does not dispose of the case. We have set out the material parts of the conveyance and while no doubt it was the intent of the scrivener to draft an instrument which would create a joint tenancy as between the mother and her son, the fact that the instrument as drawn did not accomplish that purpose does not make it void and the trial court so held. In the granting clause the following language is employed: The mother granted—

"unto the said parties of the second part, a life estate as joint tenants during their joint lives and an absolute fee forever in the remainder to the survivor of them, his or her heirs and assigns, in and to the following-described real estate [description]."

Inasmuch as the conveyance was not effective to convey any interest or estate from the grantor to herself, the effective part of the conveyance is that which relates to the grant to the son. We can reach no other conclusion from the language employed than that the instrument created in the parties a tenancy in common for their joint lives and conveyed an estate in fee to the son if he survived his mother. If he predeceased his mother, his death terminated his interest in the estate. In that event the condition upon which the remainder was to pass to him could not happen and the entire title to the property would be in the grantor.

It is clear from the language of the deed that the conveyance was intended to create a tenancy for the joint lives of the parties with the remainder in the survivor. That it created a tenancy in common rather than a joint tenancy is also beyond

question. We see no reason why this type of survivorship may not be created by deed. It has one advantage over the right of survivorship incident to joint tenancy, it cannot be destroyed by the act of one of the parties. A conveyance by one joint tenant of his interest in the property destroys the right of survivorship. *Campbell v. Drozdowicz* (1943), 243 Wis. 354, 10 N. W. (2d) 158.

In this case the intent of the parties as disclosed by the deed is clear and should be given effect unless the instrument as drawn contravenes some established rule of law. *Mueller v. Schier* (1926), 189 Wis. 70, 205 N. W. 912. Inasmuch as by its terms the deed created a tenancy in common for the joint lives of the parties with the survivor to take the remainder, it clearly created a vested remainder as defined by sec. 230.13, Stats. There being no legal obstacle, the intent of the parties should be given effect. *Weber v. Nedin, supra;* 16 Am. Jur., Deeds, p. 531, sec. 168, and cases cited.

In the case of *Dutton v. Buckley* (1926), 116 Or. 661, 667, 242 Pac. 626, it was held that, where a husband who was the sole owner of land conveyed it to himself and his wife, the wife joining in the conveyance, and it appeared that the intention of the parties to the deed was to create such an estate in the land that the survivor would take the whole estate in fee, effect would be given to the intent of the parties, and on the husband predeceasing the wife, she would take the fee to the land to the exclusion of the heirs, but subject to the debts of the estate.

"In the construction of the deed, the courts, if possible, will give effect of the intent of the parties and a deed will not be so construed as to render it a nullity. The evident intention of the parties to this deed was to create such an estate in the land that the survivor would take the whole estate in fee, and it does not matter whether we call it an estate by the entireties, or a remainder in fee to the party who should survive, the effect of Dutton's deed being to convey a one-half interest in the estate and a remainder in the other half in case of his death."

In this case a joint tenancy was not created during the joint lives for the reason that the unities of time and title were absent. The result was there was a tenancy in common during their joint lives with the survivor to take the remainder in fee.

The right of the defendant to the personal property is governed by the same considerations as apply to the realty. Upon the death of the mother, the defendant became the sole owner of the personalty described in the deed.

Upon the plaintiffs' motion to review the determination of the court as to the first cause of action denying plaintiffs' prayer to set aside the deed on the ground of mental incapacity and undue influence, we have carefully examined the evidence from which we conclude that the trial court was clearly right in holding that the plaintiffs had not sustained the burden of proof in that regard. No useful purpose would be served by stating the evidence and again discussing the cases upon this subject.

It seems, however, that the court did not express itself with sufficient clearness in the opinion in the case of *Will of Faulks* (1945), 246 Wis. 319, 17 N. W. (2d) 423. We draw this inference from the fact that in the briefs of counsel cases are cited as if they had not been commented upon in that case, and *Davis v. Dean* (1886), 66 Wis. 100, 26 N. W. 737, is cited and quoted as if it had not been modified substantially by subsequent decisions, and counsel make the claim that upon the issue of undue influence the burden of proof shifted to the defendant. In that view the trial court seems to have concurred. After discussing the susceptibility of the grantor to undue influence, the opportunity to exert influence and the disposition to influence, the trial court says:

"Then the fourth element: A result clearly appearing to be the effect of the supposed influence. I recognize that after proving the first three points the burden of proof passes over to the defendant. It then becomes the duty of the defendant

to establish affirmatively that there was no result which clearly appears to be the effect of the supposed undue influence."

Neither counsel nor the trial court accept the conclusion reached by this court in *Will of Faulks, supra.* In that case (p. 358) this court held:

"(2) Undue influence is a species of fraud and the burden is on the contestant to establish it by evidence that is clear, satisfactory, and convincing.

"(3) . . . In other words, the contestant having made out a *prima facie* case (that is, one sufficient to support findings in his favor if his testimony is believed), it is for the proponent to proceed in one of the ways above indicated *but the burden of proof on this issue does not shift to him."*

It was pointed out in the course of the opinion that in the language quoted by counsel in this case from *Davis v. Dean, supra,* the term "burden of proof" was used in the sense that it meant that the grantee must go forward with the evidence. We tried to make it clear that in a case where a party charges undue influence that party has the burden of proof, in this case, the plaintiffs, that when he has made his case and the evidence of the defendant is in, if upon the whole evidence the one having the burden of proof has not satisfied the trier of the fact by clear, satisfactory, and convincing evidence that the act complained of was the result of undue influence, his attack fails. The burden of proof does not shift to the opposite party upon the issue of undue influence. From the beginning to the end of the case the burden to establish by clear, satisfactory, and convincing evidence is upon the person charging fraud or undue influence.

*By the Court.*—That part of the judgment appealed from is reversed on the defendant's appeal; on the plaintiffs' motion to review it is affirmed with directions to the lower court to enter judgment adjudging the defendant to be the sole owner of real property in fee and the owner of the personal property described in the deed.

The following opinion was filed March 12, 1946:

ROSENBERRY, C. J. (*on motion for rehearing*). The defendants have made a motion for rehearing in this case which appears to be based upon a misconception of what the court decided. Counsel say:

"We feel that the court has created a legal oddity and has so unsettled the rules of tenancies as known by the bar in this state that the decision, if allowed to stand, will produce much unnecessary litigation. It, therefore, seems important not only to our clients but also to the court, the bar in general, and the public at large, that the court again examine into this matter before letting this decision become final. . . .

"The court has created a tenancy in common with right of survivorship, although the court found the intent was to create a joint tenancy, and even though this court has always been committed to the doctrine that the only estate having the right of survivorship is a joint tenancy."

The term "survivorship" is used mainly in three classes of cases: (1) Those involving joint tenancy, an incident of which is the right of survivorship, where the instrument creating the joint tenancy "evinces an intention to create a joint tenancy in the grantees." In this class of cases survivorship is dependent upon the nature of the tenancy.

(2) Estates by the entirety which are abolished by the laws of this state. In this class of cases survivorship is dependent upon the status of the parties as it can exist only where the grantees are husband and wife.

(3) Cases where a surviving tenant in common by virtue of the express terms of the instrument creating the tenancy takes the remainder. This species of survivorship is referred to in the opinion as a type. Perhaps it would be more accurate to say that such an instrument creates an indestructible remainder rather than a type of survivorship. In this class of cases the right of the survivor to take the remainder does not depend upon the nature of the tenancy or the status of the

parties, but upon the express provisions of the instrument creating the remainder. The case under consideration falls in the third class:

With this explanation it ought to be perfectly clear that the court has done no violence to existing law.

*By the Court.*—Motion denied with $25 costs.