Moe, Respondent, vs. Krupke and others, Appellants.

*May 3—June 7, 1949.*

For the appellants there were briefs by *Boyle & Boyle* of Darlington, attorneys, and *C. G. Mathys* of Madison of counsel, and oral argument by *W. J. Boyle*.

For the respondent there was a brief by *Thomas, Orr, Isaksen & Werner* of Madison, and oral argument by *San W. Orr* and *Joseph W. Werner*.

ROSENBERRY, C. J.   On October 10, 1942, the plaintiff owned a farm of one hundred sixty-eight acres.   His sister Emma Moe was the owner of a $10,000 mortgage upon her brother's farm, executed February 25, 1920.   Prior to the 10th day of October, 1942, the plaintiff entered into an arrangement with his sister by the terms of which Emma Moe was to release the $10,000 mortgage upon her brother's farm. The plaintiff was to place the title to the premises covered by the mortgage in the names of Emil and Emma Moe in such a way that the survivor would become the sole owner of the brother's farm.   On October 10, 1942, Emma Moe executed a satisfaction of the mortgage.   On October 13, 1942, the plaintiff executed a deed, the material parts of which are as follows:

"This indenture, made this 13th day of October, A.D. 1942, between Emil A. Moe, single, party of the first part, and Emil A. Moe and Emma Moe, joint tenants, parties of the second part,

"Witnesseth, That the said party of the first part, for and in consideration of the sum of one dollar and other good and valuable consideration in hand paid by the said parties of the second part, the receipt whereof is hereby confessed and acknowledged, has given, granted, bargained, sold, remised, released and quitclaimed, and by these presents does give, grant, bargain, sell, remise, release and quitclaim unto the said parties of the second part, and to their heirs and assigns forever, the following described real estate [description of brother's farm]."

The description is followed by the ordinary habendum clause.   These instruments were duly recorded in the office of the register of deeds for La Fayette county.   The trial court found,—

"That it was the intention of both Emil A. Moe and Emma Moe that the deed, Exhibit 4, should create an estate under which both of said persons would have the right to live upon the property above described during the remainder of their lives and upon the death of either of them the survivor would become the sole owner thereof in fee simple."

The court further found that the attorney who drafted the deed intended that it should create an estate in joint tenancy. The court concluded that the instrument created a joint tenancy. The court construed the deed as if it had been executed after the enactment of ch. 140, Laws of 1947, although it was executed more than five years before that time.

Judgment was entered adjudging that plaintiff is the owner in fee simple of the premises. In this court the plaintiff moved to dismiss the appeal from the county court judgment for the reason that it was not taken within sixty days as provided by sec. 324.04 (1), Stats. The appellants contend that the appeal was perfected within the time required by sec. 274.01 and contend that sec. 324.04 (1) has no application.

Sec. 274.01 (1), Stats., provides:

"(1) Except as otherwise specially provided, the time within which a writ of error may be issued or an appeal taken to obtain a review by the supreme court of any judgment or order in any civil action or special proceeding in a court of record is limited to six months from the date of the entry of such judgment or order, . . ."

In this case the county court of La Fayette county was exercising jurisdiction conferred upon it by ch. 237, Laws of 1913, as amended by ch. 357, Laws of 1915, and ch. 167, Laws of 1917.

Sec. 9, ch. 237, Laws of 1913, provides:

"All orders and judgments of said county court may be reviewed by the supreme court in the same manner and with like effect that judgments and orders of the circuit court may be reviewed; . . ."

Sec. 274.09 (1), Stats., provides:

"(1) Appeals to the supreme court may be taken from the circuit courts unless expressly denied and also from the county courts except where express provision is made for an appeal to the circuit court. . . ."

The right to appeal to the supreme court is prescribed by sec. 9, ch. 237, Laws of 1913, construed in connection with sec. 274.01 (1) and sec. 274.09, Stats. These provisions are a part of title XXV, Procedure in Civil Actions, which by the provisions of sec. 260.01, "relates to civil actions in the circuit courts and *other courts of record,* having concurrent jurisdiction therewith to a greater or less extent, in civil actions, . . ."

Jurisdiction to hear, try, and determine civil actions being conferred upon the county court of La Fayette county by special act, the right of appeal from the judgments of that court in civil actions is conferred by that act and not by the provisions of sec. 324.04 (1), Stats. The appeal in this case therefore was properly taken from the county court of La Fayette county to this court. For these reasons the motion to dismiss the defendants' appeal must be denied.

The second question relates to the nature of the estate created by the deed executed by the plaintiff to Emma Moe on October 13, 1942. The defendants contend that the instrument created an estate in common as defined by sec. 230.44, Stats. 1941, and to support that contention rely upon the case of *Hass v. Hass,* 248 Wis. 212, 21 N. W. (2d) 398, 22 N. W. (2d) 151, decided January 8, 1946.

Every contention made on behalf of the plaintiff in this action to the effect that the deed of October 13, 1942, created a joint tenancy is fully and completely answered by the opinion in *Hass v. Hass, supra.*

The contention here made that the word "grant" in sec. 230.44, Stats., is susceptible of two meanings is entirely beside the point. The word "grant" is construed in connection with

the provisions of sec. 230.44 relating to estates in common. The applicable part of sec. 230.45 (3), Stats. 1941, which governs this transaction, does not use the word "grant." It is as follows:

"(3) Any deed to two or more grantees which, by the method of describing such grantees or by the language of the granting or habendum clause therein evinces an intent to create a joint tenancy in grantees shall be held and construed to create such joint tenancy."

The question in this case is, The grantor having attempted to make a conveyance to himself, does the grantor thereby become a grantee? It was held in *Hass v. Hass, supra,* that such a deed did not create a joint tenancy but created a tenancy in common. In the first place, as stated in the *Hass Case,* sec. 370.01 (4), Stats., provides in what way the word "grantee" may be construed, as follows: "The word 'grantee' as including every person to whom any such estate or interest passes in like manner."

Sec. 230.45 (3), Stats., was enacted by ch. 437, Laws of 1933. It came before this court for consideration for the first time in *Hass v. Hass, supra.* In that case, as in this, it was argued that the language of the deed (p. 215),

"Bertha Hass and Herbert W. Hass of Marathon county, mother and son, and the survivor of them in his or her own right,"

gives, grants, etc.,

"unto the said parties of the second part, a life estate as joint tenants during their joint lives and an absolute fee forever in the remainder to the survivor of them, his or her heirs and assigns, in and to the following-described real estate,"

created a joint tenancy.

The first requisite under the provisions of sub. (3) is that there be grantees, two or more in number. In other words,

the problem in this case is, Can a grantor be a grantee to himself? That is, Can a grantor create any interest in himself by deed from himself to himself? To argue that proposition seems as fruitless as to argue that two times two are five. As already stated, "grantee" is defined as the person to whom an interest or estate passes. It is a contradiction in terms to say that the grantor in a deed can at the same time be the grantee.

Counsel for the plaintiff makes a very ingenious argument to the effect that this court should now overrule the case of *Hass v. Hass, supra,* for the reason that the legislature repudiated the decision made by the court by ch. 195, Laws of 1945, which was repealed by the enactment of ch. 140, Laws of 1947, which amended sub. (3) by inserting the words "including any deed in which the grantor is also one of the grantees," so that sub. (3) now reads as follows:

"(3) Any deed to two or more grantees, including any deed in which the grantor is also one of the grantees, which, by the method of describing such grantees or by the language of the granting or habendum clause therein evinces an intent to create a joint tenancy in grantees shall be held and construed to create such joint tenancy."

That is not a repudiation of the decision in *Hass v. Hass, supra.* It is an attempt by the legislature to provide that in deeds thereafter executed, that although the grantor is named as one of the grantees, the instrument shall nevertheless be construed to create a joint tenancy where the language of the granting or habendum clause evinces an intent so to do.

Ch. 140, Laws of 1947, creates a new estate unknown to the common law. The language of the amendment is a contradiction in terms as those terms were defined at common law. It is intended to apply to a case which comes within its provisions and when applicable it may be held that where a deed is phrased as provided in the statute that the incidents of joint

tenancy will attach. Ch. 140 is not a repudiation of the *Hass Case*.

We adhere to the doctrine of *Hass v. Hass, supra*.

The contention of the plaintiff, that if the deed in question did not operate to create a joint tenancy that then it created a tenancy in common during the lives of the grantees and that the survivor would take the entire title, cannot be sustained. The language of the deed in the *Hass Case* has already been set out. It was held that that language created an indestructible remainder in the survivor, but that holding was based upon the peculiar language employed by the scrivener in the Hass deed. The language was "unto the said parties of the second part, a life estate as joint tenants during their joint lives and an absolute fee forever in the remainder to the survivor of them, his or her heirs and assigns, in and to the following-described real estate." It was held that inasmuch as the conveyance conveyed nothing from the grantor to himself as grantee that the effective part of the deed was that which conveyed a joint interest with the grantor to her son, thereby creating a tenancy in common for the joint lives of the parties and an estate in fee to the son if he survived his mother.

No appropriate language is used in the instrument under consideration to create a remainder of any kind. In many instances where instruments have been executed with the intention of creating a joint tenancy, being ineffective for that purpose, it has been held that a tenancy in common has been created. So in this case a tenancy in common was created instead of a joint tenancy. Therefore the court was in error in holding that the defendants had no interest in the property described in the deed as heirs of Emma Moe.

The trial court made a so-called first alternative conclusion that if the deed did not create a joint tenancy it created a tenancy in common during the lives of Emil A. Moe and Emma Moe, and that under such deed Emil A. Moe succeeded to the entire title in fee simple upon the death of Emma Moe. Just

how the trial court arrived at this conclusion we are not informed. It appears to be a *tour de force* and to make a survivorship an incident to a tenancy in common. It is considered that the court had no such power.

As a second alternative conclusion the court held that if the instrument in question did not operate to vest a title to the real estate in fee simple in Emil A. Moe upon the death of Emma Moe, then the plaintiff is entitled to have the deed reformed so as to create an estate which upon the death of Emma Moe would vest the title of the property in Emil A. Moe in fee simple. We find no evidence of mutual mistake, and apparently the parties did exactly what they intended to do. All of the conclusions of the trial court are clearly erroneous.

An argument is made in support of the judgment based upon the equities in favor of the plaintiff. There was an outstanding mortgage of $10,000 upon the property, which it appears from the evidence in the case was about the value of the property, which was satisfied, so the plaintiff now has a three-fourths interest in the property free and clear of any mortgage. We fail to discover any preponderance of equities in favor of the plaintiff's position. In any event the rights of the parties must be determined in accordance with the law. It is not for the court to create equities where none exist. It might well be argued that the equities are the other way. If this transaction had never been entered into, the heirs of Emma Moe would have succeeded to her rights as mortgagee which would have been much more valuable than their present rights as tenants in common.

The defendants stated a cause of action against the plaintiff by way of counterclaim. The trial court having reached the conclusion that the plaintiff was vested with the entire title to the premises, the issues raised by the counterclaim and the reply thereto were not considered by the trial court. The defendants in their brief asked that the judgment be reversed with directions to grant judgment in favor of the defendants

on their counterclaim for use and occupation, or in the alternative that the cause be remanded to the trial court for further proceedings. In view of the conclusion which we have reached it is considered that the prayer of the defendants should be granted.

*By the Court.*—The judgment appealed from is reversed and the cause is remanded with directions to the trial court to try the issues raised by the counterclaim and the reply thereto and then to enter judgment dismissing the plaintiff's complaint and adjudicating the issues raised by the reply to the defendants' counterclaim. The defendants to have costs on this appeal.