OREMUS and another, Respondents, v. WYNHOFF, Appellant.

*April 5—April 23, 1963.*

The cause was submitted for the appellant on the brief of *Clinton J. Finnegan* of Milwaukee, and for the respondents on the brief of *Jack V. Silbar* of Menomonee Falls.

PER CURIAM. Judgment was entered October 15, 1962, in a civil action in the county court of Milwaukee county. The demand of the complaint exceeded $500. Defendant served a notice of appeal to this court February 5, 1963, more than sixty days, but less than six months after the entry of judgment. Plaintiffs moved that the appeal be dismissed because not taken within sixty days from the date of entry.

Plaintiffs rely upon sec. 324.04 (1), Stats., providing:

"The time within which a writ of error may be issued or an appeal taken to obtain a review by the supreme court of any order or judgment of the county court is limited to sixty days from the date of the entry thereof, except as provided in sec. 324.05."

This section is part of Title XXIX, entitled "Proceedings in County Courts." The chapters in that title are devoted to matters within or traditionally associated with probate jurisdiction.

Defendant relies upon sec. 274.01 (1), Stats., providing in part:

"Except as otherwise specially provided, the time within which a writ of error may be issued or an appeal taken to obtain a review by the supreme court of any judgment or order in any civil action or special proceeding in a court of record is limited to six months from the date of the entry of such judgment or order."

This section is part of Title XXV, entitled "Procedure in Civil Actions," Sec. 260.01, Stats., provides:

"Title XXV relates to civil actions in the circuit courts and other courts of record, having concurrent jurisdiction therewith to a greater or less extent, in civil actions, and to special proceedings in such courts except where its provisions are clearly inapplicable or inappropriate to special proceedings."

Thus sec. 324.04 (1), Stats., appears to prescribe the time for appeal from all judgments and orders of the county court and sec. 274.01 (1) for all judgments and orders in civil actions and special proceedings. They appear to conflict where the appeal is from a judgment or order of the county court in a civil action or special proceeding. The apparent conflict has arisen since January 1, 1962, the effective date of court reor-

ganization, when limited civil jurisdiction was conferred upon all county courts by general statute.[1] Before then, county courts did not have jurisdiction of civil actions unless conferred by special act. Such special acts frequently, if not always, provided in substance that orders and judgments could be reviewed by the supreme court in the same manner as orders and judgments of the circuit court.[2] This court has held that under acts so providing, the time for appeal in civil actions was governed by sec. 274.01 (1), and not sec. 324.04 (1).[3]

The judicial council stated in a note attached to Bill No. 282, S., 1959, relating to county court procedure under court reorganization:

"In probate matters, the procedure will be that presently used and specified in Title XXIX of the statutes. . . . In all civil matters other than small claims . . . or forfeiture actions, the procedure will be circuit court type civil procedure specified in Title XXV . . ."[4]

We note that clerical duties for the county court are to be performed by the clerk of circuit court in all matters except those under ch. 48 and Title XXIX[5] and by the register in probate in all matters under Title XXIX.[6]

There appears to be a general plan that Title XXV is to govern matters within the civil jurisdiction now conferred on county courts, except as otherwise clearly provided. We

[1] Sec. 253.11, Stats.

[2] See acts conferring extra jurisdiction on county courts, Wis. Anno. (1950), p. 1620 ff.

[3] *Moe v. Krupke* (1949), 255 Wis. 33, 37, 37 N. W. (2d) 865.

[4] 29 W. S. A., notes to ch. 253, Stats. (1963 Cumulative Annual Pocket Part), p. 39. With reference to the assertion in the note that small claims are those under $1,000, see, however, ch. 299, Stats., where the limit on amount as finally enacted is $500.

[5] Sec. 253.30 (1), Stats.

[6] Sec. 253.32 (2) and (3), Stats.

conclude that the apparent conflict between secs. 324.04 (1) and 274.01 (1), Stats., is to be resolved by applying the latter to appeals from judgments or orders in civil actions and special proceedings in county court.

Under sec. 274.01 (1), Stats., the present appeal is timely. The motion to dismiss is denied, but without costs.