Mary L. MARCHEL, Plaintiff-Appellant,

v.

Estate of Robert A. MARCHEL, by its
Special Administrator, Gregory A. Marchel,
Defendant-Respondent.

Court of Appeals

*No. 2012AP2131. Oral argument March 20, 2013.
—Decided July 25, 2013.*

2013 WI App 100

(Also reported in 839 N.W.2d 97.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Peter P. Karoblis of Karoblis & Petersen*, Wausau.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Brent W. Jacobson* and *Amy J. Eddy of Anderson, O'Brien, Bertz, Skrenes & Golla*, Stevens Point.

Before Higginbotham, Sherman and Blanchard, JJ.

¶ 1. SHERMAN, J. Mary L. Marchel appeals from an order of declaratory and summary judgment in favor of the Estate of Robert A. Marchel, which dismissed her complaint seeking partition of property previously held in joint tenancy between her husband, Thomas Marchel, now deceased, and his brother, Robert. Mary contends the circuit court erred when it determined that a quit claim deed purporting to transfer Thomas's undivided one-half interest in the property to Thomas

and Mary as survivorship marital property was ineffective to create a joint tenancy between Thomas and Mary in Thomas's interest in the property he had held in joint tenancy with Robert. The court held that a 1969 amendment to the statutory language which governs creation of joint tenancy caused the reinstatement of the prior common law that a grantor cannot also be a grantee in a deed creating a joint tenancy. Because we disagree with that conclusion, and because we conclude that the deed in question does not express the intention to create a joint tenancy, but rather survivorship marital property, a form of property unknown to the common law, we reverse and remand for further proceedings.

## BACKGROUND

¶ 2. The parties stipulated to the facts upon which the circuit court decision was based. Prior to March 7, 1970, Thomas and Robert owned the property at issue as tenants in common, at which time they executed a quit claim deed to themselves as joint tenants. Shortly thereafter, Thomas married Mary.

¶ 3. On November 24, 2008, Thomas executed a quit claim deed purporting to grant his undivided one-half interest in the property to himself and Mary, as survivorship marital property, and to terminate the prior joint tenancy with Robert. Thomas died on July 20, 2011. The next day, Mary confirmed her survivorship interest in the property by completing and recording the appropriate form.

¶ 4. On September 2, 2011, Mary commenced this action, seeking partition. Mary alleged that she became the sole owner of Thomas's undivided one-half interest in the property upon his death. Before he could answer

709

the complaint, Robert died on October 2, 2011, and the special administrator of the Estate was substituted as a party in his place. The Estate counterclaimed, alleging that Robert became the owner in fee of the entire property upon Thomas's death by virtue of his and Thomas's joint tenancy.

¶ 5. The Estate moved the circuit court for declaratory judgment and summary judgment based upon these stipulated facts. The circuit court granted the Estate's motion, dismissing the complaint, with prejudice and awarding costs. The court explained that, under the common law as it existed prior to 1947, a person could not be the grantee in a deed creating a joint tenancy in which that person was the grantor. However, the circuit court also explained that 1947 Wis. Laws, ch. 140, abrogated the common law by specifically providing that a grantor could also be a grantee in a deed that created a joint tenancy. The court concluded that as a result, the deed creating the joint tenancy between Thomas and Robert in 1970 was valid, notwithstanding that Thomas and Robert were both grantors and grantees in that deed.

¶ 6. The court went on to explain that the statute on creating joint tenancy was renumbered and recreated by 1969 Wis. Laws, ch. 334, which made major changes to the statutory scheme and took effect in July 1971. Among the changes was omission of the prior language authorizing a person to be both a grantor and a grantee in a deed to create a joint tenancy. Based upon this change, the circuit court concluded that, because statutes in derogation of the common law are to be strictly construed, the new law no longer expressly changed the common law rule that a grantor in a deed creating a joint tenancy could not also be a grantee. The court thus held that the 2008 deed that Thomas used to

attempt to create joint tenancy with Mary was to no effect and did not sever the joint tenancy with Robert, and, as a result, declared that Robert was the owner in fee of the entire property upon Thomas's death, and therefore Mary was not entitled to the partition she sought. Mary appeals.

## DISCUSSION

¶ 7. The sole issue presented in this appeal is whether the November 24, 2008 deed from Thomas to himself and Mary validly created survivorship rights between Thomas and Mary in Thomas's undivided one-half interest in the property.[1] Irrespective of whether we employ the methodology for summary judgment or for declaratory judgment, this is a question of law, which we review de novo. *Bantz v. Montgomery Estates, Inc.,* 163 Wis. 2d 973, 978, 473 N.W.2d 506 (Ct. App 1991) (whether facts fulfill a particular legal standard is a question of law).

¶ 8. We begin by examining the case law underlying the common law rule that a grantor could not be a grantee in a deed creating a joint tenancy. After considering the statutory changes wrought by amendment in 1947 to the law on the creation of joint tenancy, and their effect on the common law, we address what effect

---

[1] At the circuit court, Mary also questioned the validity of the March 7, 1970 deed that created the joint tenancy between Thomas and Robert. However, on appeal the Estate put forth essentially the same argument as the circuit court's decision and Mary did not counter that argument in either her brief-in-chief or her reply brief, and so it is considered admitted. *Schlieper v. DNR,* 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994) (a proposition asserted by the respondent's brief and not disputed by the appellant's reply brief is taken as admitted).

711

the 1969 amendment has on the law. Finally, we address what impact, if any, these rules relating to joint tenancy have upon the creation of survivorship marital property.

## A. Joint Tenancy Creation Prior to 1969

¶ 9. The common law rule that a grantor cannot also be a grantee in a deed creating a joint tenancy predates 1903. *See Hass v. Hass*, 248 Wis. 212, 218, 21 N.W.2d 398 (1946) (observing that the history of the common law prohibition of a grantor also being a grantee for purposes of creating a joint tenancy is reviewed in *Wallace v. St. John*, 119 Wis. 585, 97 N.W. 197 (1903)).

¶ 10. At common law four "unities" were necessary in order to create a joint tenancy—the unities of: (1) time (the interest must be created at one and the same time); (2) title (the interest must be created in a single conveyance); (3) person (the interest must be created by one and the same person); and (4) possession (the possession by the joint tenants must be the same). *Nichols v. Nichols*, 43 Wis. 2d 346, 350, 168 N.W.2d 876 (1969). In *Hass*, the supreme court explained that a grantor could not also be a grantee in a deed creating a joint tenancy because the unities of time and title were absent. *Hass*, 248 Wis. at 223. A grantor, by definition, must have received his or her interest in the property previously and therefore he or she cannot receive his or her interest as a grantee in the same deed or at the same time as the other grantee. *See id.*

¶ 11. Following *Hass*, the supreme court again addressed the rule that, by operation of common law, a joint tenancy cannot be created in a deed in which the grantor is also a grantee. *See Moe v. Krupke*, 255 Wis.

33, 38, 37 N.W.2d 865 (1949).[2] In *Moe*, that rule is stated differently than it was stated in *Hass*, though to the same effect:

> The first requisite . . . is that there be grantees, two or more in number. In other words, the problem in this case is[:] Can a grantor be a grantee to himself? That is, [c]an a grantor create any interest in himself by deed from himself to himself? To argue that proposition seems as fruitless as to argue that two times two are five. As already stated, 'grantee' is defined as the person to whom an interest or estate passes. It is a contradiction in terms to say that the grantor in a deed can at the same time be the grantee.

*Id.* at 38–39.

¶ 12. However, in 1947, the legislature amended the statute, using language that expressly eliminated this impediment:

> Any deed to 2 or more grantees, *including any deed in which the grantor is also one of the grantees,* which, by the method of describing such grantees or by the language of the granting or habendum clause therein evinces an intent to create a joint tenancy in grantees shall be held and construed to create such joint tenancy.

1947 Wis. Laws, ch. 140.

## B. Did 1969 Wis. Laws, Ch. 334 Reinstate the Common Law Unities of Time and Title?

¶ 13. The statutory language was changed yet again in 1969. In 1969 Wis. Laws, ch. 334, in the course

---

[2] The deed being considered in *Moe v. Krupke*, 255 Wis. 33, 37 N.W.2d 865 (1949), predated the effective date of the 1947 statutory change and the supreme court declined to alter the common law retroactively to reflect the apparent intent of the legislature.

713

of a major revision, renumbering, and recreation of the property statutes, the legislature omitted the 1947 language authorizing a joint tenancy to be created in a conveyance in which a person was both a grantor and a grantee, notwithstanding the prior common law to the contrary. 1969 Wis. Laws, ch. 334, § 15.

¶ 14. With that background, the question presented here is whether, as a result of the 1969 amendment, the common law requirement that a joint tenancy is not created if a single person is both a grantor and a grantee in the conveyance was reinstated. For reasons discussed in the following section, we conclude that the legislature did not intend to reinstate the common law rule by omitting the phrase "including any deed in which the grantor is also one of the grantees," which had been included in the 1947 amendment.

¶ 15. The supreme court decided a question analogous to that presented here in *In re Johnson's Estate*, 170 Wis. 436, 449, 175 N.W. 917 (1920). Under the common law, a person was not competent to testify as a witness in any litigation in which he or she had a pecuniary interest. *See id.* The Territorial Statute of 1839 provided that a person could testify as an attesting witness to a will offered in probate even if the person received a devise or gift under the will. *Id.* When the statute was re-written and revised in 1849, the language permitting a legatee to testify as an attesting witness in proof of the will was omitted. *Id.* The court in *In re Johnson' s Estate* was presented with a question directly analogous to that presented here—whether the common law was reinstated when the statutory language permitting a legatee to testify as an attesting witness was omitted from the subsequent revision. *See id.*

¶ 16. The supreme court in *In re Johnson's Estate*, while granting that the common law disqualification of legatees as attesting witnesses was strong and long-standing, reviewed subsequent statutory provisions and concluded that, in the case of subscribing witnesses to wills, the legislative intent not to reinstate the common law was demonstrated by the legislative context. *Id.* at 450. For similar reasons, we conclude likewise in the case before us.

■

¶ 17. "We interpret statutory language in the context within which it is used, 'not in isolation but as part of a whole; in relation to the language of surrounding or closely related statutes; and reasonably, to avoid absurd or unreasonable results.' " *State v. Warbelton*, 2008 WI App 42, ¶ 13, 308 Wis. 2d 459, 747 N.W.2d 717 (quoted source omitted).

¶ 18. The part of the current statute that corresponds to the 1947 statutory language quoted in ¶ 12 above is now contained in Wis. Stat. § 700.19(1) (2011–12),[3] which provides, in relevant part: "The creation of a joint tenancy is determined by the intent expressed in the document of title, instrument of transfer or bill of sale." The language "including any deed in which the grantor is also one of the grantees" has been omitted. However, the language requiring two or more grantees is also absent. More importantly, for our purposes, the 1969 amendment also added the following language: "Change in common law requirements. The common law requirements of unity of title and time for creation of a joint tenancy *are abolished*," which remains in the current version of the statute. 1969 Wis.

---

[3] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

715

Laws, ch. 334, § 15 (emphasis added); § 700.19(5). The abolition of the common law requirements of unity of title and time for the creation of a joint tenancy is significant in light of the Estate's argument, and the circuit court's conclusion, that the 1969 amendment reinstated the common law on this topic.

¶ 19. As the supreme court explained in *Hass,* the reason that a person could not be both a grantor and a grantee in a deed creating a joint tenancy was because joint tenancies required unity of time and title. *Hass,* 248 Wis. at 223. This is the basis of the supreme court's holding in *Moe* that a person cannot be a grantor and a grantee in the same deed because they are not being conveyed anything that they do not already have. *See Moe,* 255 Wis. at 38–39.

¶ 20. The Estate relies on the language in *Moe* that " 'grantee' is defined as the person to whom an interest or estate passes." *Moe,* 255 Wis. at 39. However, the Estate fails to recognize that this language is nothing more than a restatement of the common law rule in effect at that time requiring the unities of time and title. *See id.; Hass,* 248 Wis. at 223. Relying on this language in *Moe* without connecting it to the unities of time and title has led the Estate to miss the significance of WIS. STAT. § 700.19(5). In revising the legislation, the language "including any deed in which the grantor is also one of the grantees" has been replaced with the abolition of the common law unities of time and title, which, by its plain language has the identical purpose and effect. Accordingly, we conclude that the common law requirement that a grantor cannot also be a grantee in a deed creating a joint tenancy was not reinstated by the 1969 amendment, and is no longer the law in Wisconsin.

### C. What Impact, If Any, Do Rules Relating to Joint Tenancy Have Upon the Creation of Survivorship Marital Property?

¶ 21. The above discussion addresses the dispute presented and decided in the circuit court, and appealed to this court. If the intent of the deed that Thomas gave to Mary had been to create a joint tenancy, the matter would be resolved. However, the deed in dispute shows the grantees as "Thomas B. Marchel and Mary L. Marchel, husband and wife, *as Survivorship Marital Property.*" (Emphasis added.)

¶ 22. Survivorship marital property was created as part of the comprehensive marital property reform passed by the legislature in 1983 Wis. Act 186, § 47. This form of ownership, in the language employed in the deed described in the preceding paragraph, is authorized by WIS. STAT. § 766.60(5)(a). Property held in survivorship marital property passes to the surviving spouse at death by non-testamentary disposition, similar to property held in joint tenancy. *See* § 766.60(5)(a).

¶ 23. However, survivorship marital property is not just a new word for joint tenancy. The supreme court held in *Moe* that a change to the technical nature of the common law estate known as joint tenancy creates a new form of ownership unknown to the common law. *Moe*, 255 Wis. at 39–40. Survivorship marital property was created by statute and unknown to the common law. The unities of time and title have never applied to survivorship marital property and do not now.

██

¶ 24. The deed creating survivorship marital property between Thomas and Mary also contains the following language:

> In addition to re-titling the property as Survivorship Marital Property between Thomas B. Marchel and

Mary L. Marchel, the purpose of this deed is also to unilaterally sever the joint tenancy between Thomas Marchel and Robert Marchel as established in the Quit Claim Deed recorded in Volume 287 of Records on page 424, as Document No. 277956, as recorded in the office of the Register of Deeds for Portage County, Wisconsin.

A conveyance by one party to a joint tenancy of their interest in the property automatically severs the joint tenancy. *Nichols*, 43 Wis. 2d at 349–50. The quoted language confirms Thomas's intention to do so.

¶ 25. The deed from Thomas to Mary and himself is, therefore, effective to both create survivorship marital property between Thomas and Mary in Thomas's undivided one-half of the property and to sever the joint tenancy between Thomas and Robert in the property. Accordingly, we conclude that Mary is the surviving joint tenant in Thomas's undivided one-half interest in the property.

## CONCLUSION

¶ 26. For the reasons explained above, we reverse the order of declaratory and summary judgment, and remand for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded.