STATE EX REL. Linarys, Appellant, v. DORWIN, Respondent.

*January 10—February 4, 1964.*

475

For the appellant there was a brief by *Albert J. Cirilli* of Rhinelander, attorney, and *Robert D. Martinson* of Madison of counsel, and oral argument by *Mr. Martinson.*

For the respondent there was a brief by *Korth, Rodd & Korth* of Rhinelander, and oral argument by *Earl A. Korth, Sr.*

BEILFUSS, J. Defendant argues that the appeal was not timely. Judgment was entered on January 16, 1963. Notice of entry of judgment was given to plaintiff on March 21, 1963. Plaintiff filed his notice of appeal in the county court on July 11, 1963. Plaintiff is thus within the time prescribed by sec. 274.01, Stats., as that section existed prior to September 1, 1963. Defendant argues that sec. 324.04 governs this appeal as to time limit. However, this is a case of jurisdiction vested in the county court concurrent with the circuit court under sec. 253.11. In such a case sec. 274.01 applies rather than sec. 324.04. *Oremus v. Wynhoff* (1963), 19 Wis. (2d) 622, 121 N. W. (2d) 161.

On the facts presented, are we required to hold as a matter of law that respondent was not a resident of Wisconsin?

Both parties have assumed that the term "resident" in sec. 221.08 (1), Stats., is equivalent to "domicile." 9 Op. Atty. Gen. (1920), 571, is in accord with this construction.

The elements of domicile are presence and an intention to remain. In this case the plaintiff challenges the defendant's intention to remain in the state of Wisconsin. Defendant's wife is a registered voter in Boulder, Colorado. His children attended the University of Colorado, paying resident tuition. These facts, along with defendant's ownership of various

items of real and personal property in the state of Colorado, are sufficient to establish that the residence of defendant's wife and children was in Colorado. We are not concerned with his wife's residence or domicile except insofar as it may show the defendant's intention and affect his residence. The defendant husband, not the wife, is the director. The authority, rights, and duties of a director rest solely with him.

The plaintiff contends that Wisconsin has some statutory guides creating a presumption that a man's residence is the place where his family resides.

Sec. 6.51 (7) and (8), Stats., provides:

"(7) The place where a married man's family resides shall generally be considered and held to be his residence; but if it is a place of temporary establishment for his family, or for transient objects, it shall be otherwise.

"(8) If a married man has his family fixed in one place and does his business in another, the former shall be considered and held to be his residence."

Additional subdivisions of the same section, however, provide:

"(2) That place shall be considered and held to be the residence of a person in which his habitation is fixed, without any present intention of removing therefrom, and to which, whenever he is absent, he has the intention of returning.

"(3) A person shall not be considered or held to have lost his residence who shall leave his home and go into another state or county, town or ward of this state for temporary purposes merely, with an intention of returning.

"(4) . . .

"(5) If a person remove to another state with an intention to make it his permanent residence, he shall be considered and held to have lost his residence in this state."

The presumption, if one exists under these statutes, may be rebutted. *Milwaukee County v. State Dept. of Public Welfare* (1955), 271 Wis. 219, 224, 72 N. W. (2d) 727.

Defendant has extensive business interests and real-estate holdings in Wisconsin. He has no business interests in Colorado. The only Colorado real estate he owns is the family residence. He is a registered voter in Minocqua, Wisconsin. His federal and state income-tax returns bear a Wisconsin address. Two thirds of his time is spent in the state of Wisconsin. Defendant was born and raised in this state; Wisconsin is his domicile of origin. The evidence adduced shows that defendant was a resident of Wisconsin. His intention and activities are such that he has not lost his Wisconsin residence.

*By the Court.*—Judgment affirmed.