ESTATE OF ALBURN: LEHMAN, Executor, Appellant, v. HENKEY and others, Respondents.

*March 5—March 31, 1964.*

For the appellant there was a brief by *Smith & Miller* of Jefferson, and oral argument by *Richard C. Smith.*

For the respondents there was a brief by *Schultz & Slechta* of Jefferson, and *George R. Affeldt* of Milwaukee, and oral argument by *Jerry M. Slechta.*

FAIRCHILD, J.  1. *The controlling statutes.*  Ch. 324 is part of Title XXIX of the statutes, entitled "Proceedings in County Courts," and governing procedure in probate matters.[2]

Sec. 324.11, Stats., provides that costs may be allowed to the prevailing party in all appealable contested matters in county court except in jury trials. They may be ordered paid out of the estate if justice so requires. The "attorney's fee" portion of costs, under sec. 324.11, is not to exceed $25.

Sec. 324.12, Stats., provides that costs shall not be awarded to an unsuccessful contestant of a will unless he is a special guardian or is named as an executor in a paper propounded by him in good faith as the last will. By implication it appears from this section that costs may be awarded to an unsuccessful contestant if he is a special guardian or one propounding in good faith a will in which he is named executor.

Sec. 324.13, Stats., applies to contests upon the probate of a will, as well as other matters specified. It authorizes the court to allow a reasonable attorney's fee (not limited to $25) to be paid out of the estate. Such allowance may be made to a successful contestant. It also may be made to the proponent of a will. The contest must have been necessary or meritorious. A contestant must have been successful, in order to receive an allowance, but a proponent of a will need not have been.

There is no statutory authority for allowance of costs or reasonable attorney's fees to an unsuccessful contestant who

[2] *See Oremus v. Wynhoff* (1963), 19 Wis. (2d) 622, 121 N. W. (2d) 161.

is not a special guardian or executor named in a will being propounded. There is implied statutory authority for allowing costs (including an attorney's fee limited to $25) to a proponent of a will in which he is named as executor if he is acting in good faith, and there is express statutory authority for allowing him a reasonable attorney's fee if the contest is necessary or meritorious.

2. *Allowance for Mrs. Henkey's attorney fees and disbursements.* Mrs. Henkey was named as executrix in the Milwaukee will and she propounded it for probate. The county court found she acted in good faith and the contest was meritorious. If these findings can be sustained the allowance of attorney's fees and disbursements was proper. The reasonableness of the amount is not challenged.

The Milwaukee will could be valid only if the Kankakee will did not effectively revoke it. The Kankakee will expressly revoked all former wills, but was executed while Mrs. Alburn was a resident of Illinois. She was apparently still a resident of Illinois when she destroyed the Kankakee will, intending, as the court found, to reinstate the Milwaukee will.

In the will contest Mrs. Henkey relied on a decision of the supreme court of Illinois holding that the execution of a subsequent will does not revoke a prior will, and if the subsequent will is itself destroyed by the testator, the prior will is effective at the death of the testator.[3] Mrs. Henkey contended that this principle of Illinois law controlled the effect of the execution and destruction of the Kankakee will upon the Milwaukee will, since Mrs. Alburn was a resident of Illinois at the time of those acts.

The late Judge DARLING, then presiding in county court, decided that the law of Wisconsin would govern since Mrs. Alburn had become a Wisconsin resident by the time of her

---

[3] *Stetson v. Stetson* (1903), 200 Ill. 601, 66 N. E. 262.

death, and that the execution of the Kankakee will revoked the Milwaukee will, notwithstanding Mrs. Alburn's destruction of the Kankakee will for the purpose of reinstating the Milwaukee will. Judge DARLING acknowledged, in his memorandum opinion, that the question of choice of law under the particular circumstances appeared to be one of first impression in Wisconsin. Mrs. Henkey did not appeal.[3a]

We think the county court could reasonably find, under all the circumstances, that Mrs. Henkey actively litigated the matter in good faith, and that the contest was meritorious, although her position on the law was not vindicated. Mrs. Henkey's position is especially appealing because of the evidence that Mrs. Alburn wanted her Milwaukee will to be in effect and thought she was accomplishing this purpose. Thus we conclude that the county court, now presided over by Judge KADING, could properly allow attorney's fees and disbursements to Mrs. Henkey under secs. 324.12 and 324.13, Stats.

Appellants have now raised the point that the petitions on which the county court acted were made by the attorneys and not Mrs. Henkey. It would be better practice for the petitions to have been made by her, but appellants failed to object on this ground in the county court. It is clear, of course, that the payment by the estate will be credited by the attorneys against any obligation she may have to them on account of their services.

The order must be affirmed with respect to the allowances made to Mrs. Henkey's attorneys.

3. *Allowance for Mrs. Ruedisili's attorney fees and disbursements.* The county court considered that because Mrs. Ruedisili acted in good faith and had an arguably meritorious

---

[3a] In *Estate of Alburn, supra,* p. 343, footnote 1, we noted that Judge DARLING's ruling is in accord with Restatement, Conflict of Laws, p. 389, sec. 307.

claim that both wills had been revoked, and the revocation of one will was established, the allowance to her was also proper.

We are unable to agree. Sec. 324.12, Stats., clearly prohibits allowance of costs to an unsuccessful contestant who is neither special guardian nor named executor in a will being propounded. Sec. 324.13 authorizes allowance to a successful contestant, and thereby implies that no allowance may be made to an unsuccessful one. As an heir-at-law Mrs. Ruedisili could be deemed successful only if she defeated probate of both wills. Accordingly the allowance to her attorney must be reversed.

*By the Court.*—Insofar as the order allows attorney's fees and disbursements to Attorney William A. Ritchay, it is reversed. In all other respects it is affirmed.